## JOHN RICHARDSON *et al.*
### *v.*
## ASAHEL C. THOMPSON *et al.*

1. RETURN UPON PROCESS — *its requisites.* A return upon a summons issued against two persons, of service " on the within named defendant," in the singular number, not giving the name of the defendant served, is insufficient, as it is impossible to tell which of the two defendants had been served.

2. SUMMONS IN CHANCERY — *its requisites.* A summons in chancery should correctly describe the parties to the suit. Describing the suit as being brought by two, only, when the bill was filed by those two and another, is not sufficient.

WRIT OF ERROR to the Circuit Court of McHenry county; the Hon. ISAAC G. WILSON, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery filed by Asahel C. Thompson, James R. Allaban and Orson M. Allaban against Zacheus Richardson and John Richardson for the foreclosure of a mortgage. A summons issued against the defendants, requiring them to appear and answer to a bill filed by James R. Allaban and Orson M. Allaban, omitting the name of Thompson. This summons was served on Zacheus Richardson, and both defendants were defaulted. The default was afterward set aside and an alias summons against both defendants issued, which was returned served " on the within named defendant," in the singular number, not giving the name of the defendant served. The court, thereupon, pronounced a decree *pro confesso* as to both defendants.

This was error. The first summons not only misdescribed the parties, but it was served on only one of the defendants. As to the second summons, it is impossible to tell, from the

return of the sheriff, which of the two defendants had been served. There is no evidence that John Richardson was ever before the court.

*Decree reversed.*