WILLIAM K. REED, impleaded, etc.,

*v.*

ERASMUS M. MOFFATT *et al.*

1. ELISOR. Where the office of sheriff of a county was vacant, and the duties of the office was being performed by the coroner, who was a party defendant to a bill in chancery filed: *Held*, that the facts justified the clerk of the court in the appointment of an elisor to serve the summons. The statute does not require an elisor to be sworn.

2. SERVICE—*return construed.* An officer's return of service of a summons

---

in chancery issued against A and B was "served by delivering a copy of the within writ to A and B, this 15th day of September, 1870:" *Held,* that it showed a service on each defendant by copy.

3. PARTIES *in chancery.* Where a bill in equity to set aside a tax deed showed that the purchaser at the sale had parted with all his interest to one of the defendants, it was held that an objection that such purchaser was not made a party defendant, was not well taken.

APPEAL from the Circuit Court of Cook County; the Hon. WILLIAM W. FARWELL, Judge, presiding.

Mr. GEORGE SCOVILLE, for the appellant.

Messrs. BLANCHARD & MILLARD and Mr. J. W. CHICKERING, for the appellees.

Per CURIAM: The decree in this cause does not appear to be questioned on the merits. The principal objection made by appellant is, that he was improperly defaulted, as he had not been served with process. The process of summons was served by an elisor, appointed by the clerk of the circuit court, in whose office the bill was filed, in pursuance of section 18 of the act respecting sheriffs and coroners (R. S. 514), the fact being that the office of sheriff was vacant, and its duties discharged by the coroner, who was a party defendant to the bill. A case had occurred justifying the appointment of an elisor by the clerk. *Beach* v. *Schmultz,* 20 Ill. 185. It is objected that the elisor so appointed acted by deputy. The record shows no such fact. He made his return on the summons in his own name. It is probable a printed form was used, when, if the writ is served by a deputy, a blank is left in which to insert his name.

It is further objected, that the return does not show that a copy of the writ was delivered to each of the defendants. The return is as follows: "Served by delivering a copy of the within writ to Wm. K. Reed and Benjamin L. Cleaves, this 15th day of September, 1870." A reasonable and proper construction of the meaning of this return is, that appellant

was served by copy, and Cleaves also. *Farnesworth* v. *Staples,* 12 Ill. 482; *Barnes* v. *Hazleton,* 50 id. 429.

Another objection is that the elisor took no oath, and made no return under oath. This is not required by the statute.

As to the jurisdiction of a court of equity in a case like this, that is settled by this court in the case of *Gage* v. *Rohrbach* and *Gage* v. *Billings,* 56 Ill. 262, 268.

As to the objection that Mulvey, in whose name the land was struck off at the tax sale, was not made a party, it is sufficient to say, the bill shows he had parted with all his interest to appellant, and the officer making the sale had no interest to be protected by making him a party.

The default of appellant, he having been served with process, admitted all the material averments in the bill, and being true, the decree of the court was right, and it must be affirmed.                         *Decree affirmed.*