(No. 30944.—

LIBERTY NATIONAL BANK OF CHICAGO, Trustee, Appellant,
vs. SHERMAN M. BOOTH *et al.,* Appellees.

*Opinion filed March 24, 1949.*

HERMAN L. AARON, of Chicago, for appellant.

HARRY A. BIOSSAT, of Chicago, for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

On June 26, 1946, the Liberty National Bank of Chicago, as trustee, filed in the circuit court of Cook County its amended application for initial registration of title to a certain tract of real estate in Chicago. Appellee Sherman M. Booth interposed the defense that he was the owner of the real estate in question by virtue of a warranty deed to him from William D. Adams and wife dated May 5, 1930. The matter was referred to an examiner of land titles who conducted an examination of the title to the real estate in question, and filed a written report recommending that the application be granted. Exceptions to the report were sustained by the court and the application was dismissed for want of equity. A direct appeal has been perfected to this court, as authorized by section 26 of "An Act concerning land titles." (Ill. Rev. Stat. 1945, chap. 30, par. 70.) A freehold being involved also justifies the direct appeal.

William D. Adams, also referred to as William T. Adams, was one of the sureties on the recognizance of Cash Henderson, against whom a default judgment of forfeiture was entered on February 4, 1924, in the United States District Court, Northern District of Illinois, Eastern Division. A *scire facias* was issued against Cash Henderson, William T. Adams, and Jessie Wood, requiring them to show cause why the judgment of forfeiture should not be made absolute. The writ of *scire facias* was returned by the marshal reciting that he had executed the writ, "upon William T. Adams and Jessie Wood by reading the same to and within his presence and hearing and at the same time delivering to him a copy of the typewritten slip

attached hereto and made a part hereof." The return also recited that Cash Henderson was not found. On the margin was a notation of the marshal's fees including a charge of $4.00 for "2 services." On September 11, 1924, final judgment was entered in favor of the United States and against William D. Adams and Jessie Wood in the sum of $1500. An execution was issued in due course and returned not satisfied. Three years later, on August 4, 1928, an *alias* execution was levied on all the right, title and interest of William D. Adams in the real estate in question. Subsequent to this levy, appellee Sherman M. Booth obtained a deed to the premises from William D. Adams on May 5, 1930, which was recorded the following day. Appellee does not appear to have ever gone into possession of the premises.

On June 12, 1931, by virtue of the execution and levy, the real estate was sold by the marshal to the United States of America. Adams, however, appears to have remained in possession of the premises until dispossessed by the United States in 1940. The government executed a quitclaim deed to appellant on November 6, 1945, and delivered to it the possession of the premises. It was this title which appellant desired to have registered.

It is contended that the return of the marshal to the writ of *scire facias* shows that there was no valid service of the writ on William D. Adams; that, therefore, the judgment against Adams, upon which the execution sale was based, is void and of no force and effect; and that appellee Sherman M. Booth is vested with the fee-simple title to the real estate by virtue of the subsequent deed from Adams. Appellee concedes that his title to the premises depends upon the judgment against Adams being found to be invalid, because the court did not have jurisdiction of the person of Adams at the time the judgment was entered.

The return in this case is not analogous to the defective returns, on account of which service was held to be void,

in the cases of *Richardson* v. *Thompson,* 41 Ill. 202; *Dennison* v. *Taylor,* 142 Ill. 45, and *Rabbitt* v. *Weber & Co.* 297 Ill. 491, relied upon by appellees. In *Richardson* v. *Thompson* the names of the particular defendants served were not included in the return; while in the case of *Dennison* v. *Taylor,* followed by *Rabbitt* v. *Weber & Co.* notice of publication of summons was given by mailing a single copy addressed to two defendants. In those cases it did not sufficiently appear from the return that service had been had on any particular defendant named in the writ. A return which recites that service was had by leaving a true copy with a number of defendants, who are named in the return, has been held to be sufficient. *Turner* v. *Jenkins,* 79 Ill. 228; *Reed* v. *Moffatt,* 62 Ill. 300; *Greenman* v. *Harvey,* 53 Ill. 386.

In this case the return of the marshal is explicit that the writ was served upon both William T. Adams and Jessie Wood. The use of the singular pronouns "his" and "him," in the recital of the manner in which the writ was executed, does not militate against the express recital that the writ was served upon the two defendants named in the return. The return of the marshal specifically accounts for all three of the defendants named in the writ, including the defendant who was not found. On the margin was a notation of fees charged for serving two copies of the writ. The taxing of these costs was a part of the marshal's official return, and removes all doubt as to whether the two defendants named had been served. (*Martin* v. *Hargardine,* 46 Ill. 322.) The return of the marshal shows a sufficient service of the writ of *scire facias* to give the United States district court jurisdiction of the person of William D. Adams.

Where the court has jurisdiction of the parties and of the subject matter in controversy and enters a final decree, and that decree is not appealed from, it cannot thereafter be collaterally attacked. (*Ward* v. *Sampson,*

395 Ill. 353; *Woodward* v. *Ruel,* 355 Ill. 163.) There is no claim that the United States district court did not have jurisdiction to hear and determine the subject matter in controversy. Jurisdiction over the person of the defendant William D. Adams was obtained by service of a writ of *scire facias* upon him by the United States marshal. The judgment against Adams, to satisfy which the real estate was sold to the United States of America, appellant's grantor, cannot be regarded as a nullity, and cannot, therefore, be collaterally impeached. (*Wyman* v. *Hageman,* 318 Ill. 64; *Miller* v. *Rowan,* 251 Ill. 344.) The chancellor erred in sustaining exceptions to the examiner's report and in dismissing the amended application for want of equity.

The order of the circuit court of Cook County, entered on September 27, 1948, is accordingly reversed and the cause remanded, with directions to overrule the exceptions to the report of the examiner of titles, and to enter a decree in conformity with the recommendations contained in such report.

*Reversed and remanded, with directions.*