Albert Bartelstein and Benjamin Bartelstein, Appellees, v. Anna A. Goodman, Appellant.

**Gen. No. 45,057.**

Opinion filed February 3, 1950. Released for publication March 24, 1950.

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, of Chicago, for appellant; ISAAC E. FERGUSON, of Chicago, of counsel.

LEDERER, LIVINGSTON, KAHN & ADSIT, of Chicago, for appellees; LEO H. ARNSTEIN and MAURICE B. WOLF, both of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiffs filed their complaint to enjoin the prosecution of a forcible entry and detainer action in the municipal court of Chicago, the latter action predicated upon the claimed right of defendant, as lessor, to declare a forfeiture of the lease entered into between plaintiffs, as lessees, and defendant, as lessor. A motion for a temporary injunction, as prayed for in the complaint, was met by written motion to dismiss the complaint, which challenged the jurisdiction of the superior court to enjoin prosecution of the forcible detainer action. Upon a hearing the court issued a temporary injunction, as prayed for in the complaint, from which injunction order defendant appeals.

No evidence was heard. In considering the sufficiency of the complaint, the facts well pleaded must be treated as true.

The complaint alleges, *inter alia,* that the lease, dated July 1, 1948, was for a period of twenty years, covering premises containing a theater, four stores and a loft; that the plaintiffs deposited with defendant the sum of $15,000 in accordance with Article V of the lease, as security for the full and faithful performance of the covenants and obligations of the lease; that plaintiffs have fully complied with all the covenants, conditions and obligations on their part to be performed under said lease; that defendant, through her attorneys, returned to plaintiffs the July 1949 instalment of rent, with a notice of election to terminate the lease for an alleged default in the covenant to keep the building and improvements in first class condition, and in the covenant to make the special repairs, alterations and

rehabilitations specified in Article XXVI of the lease, all to be completed on or before July 1, 1949; that the notice was dated July 22, 1949; that the lease, although bearing the date July 1, 1948, was not in fact executed until about November 30, 1948; that all of the repairs, alterations and rehabilitations were commenced prior to July 1, 1949, and finally completed on or about August 10, 1949; that the delay in completion was due to the refusal and failure of defendant to approve within a reasonable time the suggested changes made by plaintiffs to her, in the required repairs, alterations and rehabilitations; that although the contract price for the original work was $7,300, the suggested changes by plaintiffs would have required an expenditure on their part of an additional $2,000 or $3,000, and were intended to improve the appearance of the building; that after a reasonable time elapsed, and defendant failed to approve the suggested changes, plaintiffs proceeded to complete the work without the changes; that defendant still retains the $15,000 deposited with her as security; that if defendant suffered any damage or injury as a result of the delay in the completion of said work, said loss or injury is fully compensated by the deposit of $15,000, and plaintiffs offer to compensate defendant for any loss or damage so suffered above said amount as will make her whole, aside and beyond the said sum of $15,000 so deposited; that the only purpose of bringing the forcible detainer action is to accomplish a forfeiture of the lease and to obtain possession by defendant of said premises.

The only point urged for reversal of the injunction order is that a court of equity, upon the facts alleged, has no jurisdiction to restrain the prosecution of the forcible detainer action in the municipal court, since all the facts alleged in the complaint could be fully availed of as a defense in the forcible detainer action. We cannot agree with this contention. In *Kahn v.*

*Loeffler,* 339 Ill. App. 276, No. 44,834, decided January 23, 1950, by this court, upon a state of facts analogous to that in the instant case, we held that the superior court had jurisdiction to restrain the prosecution of a forcible entry and detainer action brought upon a claimed right of forfeiture of a leasehold. In *Waukegan Times Theatre Corp. v. Conrad,* 324 Ill. App. 622, the court sustained the right to enjoin the prosecution of a forcible entry and detainer action based upon a claimed right of forfeiture of a lease. The two cases cited were decided since the present Practice Act [Ill. Rev. Stat. ch. 110, par. 125 *et seq.;* Jones Ill. Stats. Ann. 104.001 *et seq.*] was passed. In *Cordell v. Solomon,* 234 Ill. App. 430, the court sustained the jurisdiction of the court of equity to restrain the prosecution of a forcible detainer action, and this court (Second Division) there said:

"Furthermore, it does not follow that, because the case is one in which a remedy at law is afforded, equity will not also take jurisdiction of the same state of facts to afford the same redress. 'If the remedy in equity is more adequate because of some special circumstance of the situation, the jurisdiction of equity will be sustained.' " (Citing cases.)

To the same effect is *Meyer v. Surkin,* 262 Ill. App. 83. ██ Defendant earnestly argues that the 1874 amendment to the Forcible Detainer Act and the 1935 amendment thereto [Ill. Rev. Stat. ch. 57, par. 1 *et seq.;* Jones Ill. Stats. Ann. 109.263], which makes the present Practice Act applicable except where otherwise specifically provided in the Forcible Detainer Act, permit equitable defenses in such actions, and that what is alleged in the instant complaint could well be interposed as an equitable defense in the forcible detainer action, and relies upon *Horner v. Jamieson,* 394 Ill. 222; *Coyne v. South Shore DeLuxe Laundry,* 299 Ill. App. 275, and *Melburg v. Dakin,* 337 Ill. App. 204. The

latter case quotes at length from the specially concurring opinion of this court (Third Division) in *Northern Trust Co. v. Watson,* 310 Ill. App. 263. In *Melburg v. Dakin, supra,* plaintiff in a forcible entry and detainer action sought a summary judgment and filed supporting affidavits. The defendant filed his answer to the motion for summary judgment, together with supporting affidavits. The answer to the motion for summary judgment partook of an equitable defense, which the lower court held was not proper in the forcible detainer action. The Appellate Court held that, under the present Practice Act and the Forcible Detainer statute, such an equitable defense, when interposed, should be considered by the court, citing *Northern Trust Co. v. Watson, supra; Coyne v. South Shore DeLuxe Laundry, supra;* and *Fuchs v. Peterson,* 315 Ill. 370. The doctrine of these cases does not deprive a court of equity from exercising its jurisdiction to prevent a forfeiture. The remedy in equity to prevent a forfeiture, under such circumstances as specially appeal to a court of equity, has been recognized as long as equity jurisdiction has existed. Equity abhors forfeitures. *Kahn v. Loeffler, supra; Clark-Devon Bldg. Corp. v. Hinrichs,.* 308 Ill. App. 69, 77; *Springfield & Northeastern Traction Co. v. Warrick,* 249 Ill. 470.

In *Stephens v. Chicago, B. & Q. R. Co.,* 303 Ill. 49, 60, MR. JUSTICE DUNCAN, in a specially concurring opinion, said:

" 'The circuit courts shall have original jurisdiction of all causes in law and equity, and such appellate jurisdiction as is or may be provided by law.' Take notice that the constitution provides that said courts shall have *original* jurisdiction of all cases in law and equity, and I lay it down as unassailable doctrine that neither the legislature nor this court, nor any other court, can in any way divest the circuit court of such original jurisdiction or in any way alter or abridge it.

Concurrent jurisdiction of such cases may be conferred by the legislature on county or other courts, but no jurisdiction of the circuit court conferred by the constitution can be taken away by the legislature by an act or series of acts. (*Frackelton v. Masters,* 249 Ill. 30; *Wilson v. People,* 94 id. 426.)''

The principle laid down in the *Stephens* case was followed in *People v. Graw,* 363 Ill. 205, 208; *Peoples Gas Light & Coke Co. v. Slattery,* 373 Ill. 31, 42.

In *Frank v. Salomon,* 376 Ill. 439, the court extensively considered the various provisions of the present Practice Act (which counsel in the instant case rely upon) which abolish distinctions in forms of pleading and action, and particularly Section 44 of the Practice Act [Ill. Rev. Stat. ch. 110, par. 168; Jones Ill. Stats. Ann. 104.044], which permits legal and equitable claims to be joined in one action and the transfer of the equitable portion of the action to the court of equity, and said at p. 444:

''Considering together all the provisions quoted, it was the obvious intention to do away with forms of pleading but to preserve separate procedure in law and equity. . . .'' The rules of court ''preserve the equitable character of all matters within the jurisdiction of a court of equity prior to the effective date of the Civil Practice act, and otherwise demonstrate that the substantive distinction between actions at law and in chancery is not abolished.''

*Owens-Illinois Glass Co. v. McKibbin,* 385 Ill. 245, was an action for injunction to restrain the director of finance from levying or imposing, collecting or attempting to collect, the retailers' occupational tax from plaintiff. The contention there made was that the statute prescribed the procedure and a remedy for the type of complaint made by plaintiff and, therefore, there was an adequate remedy afforded, which should pre-

vent invoking the jurisdiction of a court of equity. The court at p. 259 said:

"Since the remedies were cumulative plaintiff had a right to bring its complaint for injunction rather than to rely upon the procedure provided by the statute."

■ No case cited or relied upon by defendant has held that the present provisions of the Forcible Detainer Act or the Civil Practice Act bar the right of a court of equity to exercise its inherent power, under special circumstances, to prevent a forfeiture. We conclude from the holdings in the cases cited that the plaintiff in the instant case had a right to invoke the jurisdiction of a court of equity, upon the facts alleged in the complaint, and was not obliged to assert it by way of an equitable defense in the forcible detainer action.

*Horner v. Jamieson, supra,* relied upon by defendant, was an action of ejectment, and the defense by way of a counterclaim was filed, seeking injunctive relief. The court there held that, under the 1935 amendment to the Ejectment Act, a counterclaim for equitable relief was permitted. What we have said with respect to the right to interpose equitable defenses in forcible detainer applies with equal force to the ejectment action under the 1935 amendment.

The order appealed from is correct and is affirmed.

*Affirmed.*

NIEMEYER, J., concurs.
TUOHY, P. J., took no part.