COUSINS CLUB, INC., Plaintiff-Appellant, *v.* USA I LEHNDORFF
VERMOEGENSVERWALTUNG GmbH & Cie *et al.*, Defendants-Appellees.

First District (4th Division)    No. 61718

Opinion filed May 26, 1976.

Robert A. Sherwin and Theodore R. Sherwin, both of Sherwin & Sherwin, of Chicago, for appellant.

Levy & Erens, of Chicago, for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The decision appealed from is a denial of a complaint by Cook County Circuit Court Chancery Judge Daniel A. Covelli, which included his refusal to enjoin a pending forcible detainer proceeding pending in the law division of the same circuit court.

The issue on review is whether Judge Covelli abused his discretion in denying plaintiff's prayer for relief.

On March 7, 1975, plaintiff Cousins Club, Inc. (hereinafter called "Cousins Club"), filed suit in the court below, seeking to enjoin a forcible entry and detainer proceeding brought by defendant (hereinafter called "Lehndorff") against Cousins Club and then pending, as case number 75 L 51 in the law division of the Circuit Court of Cook County. Following a hearing held on the morning of March 10, 1975, Judge Covelli entered an order which denied Cousins Club's motions for injunctive relief and consolidated the case with the pending case in the law division. Cousins Club has taken this appeal from that order.

On the afternoon of March 10, 1975, a previously scheduled hearing was held before Judge Arthur Dunne respecting cross-motions for summary judgment by Lehndorff and Cousins Club in the forcible entry and detainer action, which Cousins Club had sought to enjoin before Judge Covelli. Judge Dunne entered an order finding Lehndorff entitled to possession of the subject premises unlawfully occupied by Cousins, granting summary judgment to Lehndorff and denying same to Cousins Club. The order stayed execution on the judgment for 30 days to allow Cousins Club to vacate the premises. Thereafter, Cousins Club having failed to procure a supersedeas bond, a writ of restitution and execution was issued on April 14, 1975, and was filed in the forcible entry and detainer action. Upon execution of the writ, Cousins Club was dispossessed and Lehndorff was restored to possession of the subject premises. The premises have subsequently been leased to Benihana Chicago Corporation.

We hold the trial judge properly denied plaintiff's petition for the extraordinary remedy of preliminary injunction.

■■ ■ Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts in Illinois having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the entire controversy to the exclusion of all coordinate courts. The clearly proper course of action

for Judge Covelli was to decline jurisdiction in light of the pending action in Judge Dunne's court, in which precisely the same relief could be sought. See *People ex rel. East Side Levee & Sanitary District v. Madison County Levee & Sanitary District* (1973), 54 Ill. 2d 442.

Lehndorff also contends the petition for injunction was properly denied since the use of the preliminary injunction is limited to where there is no adequate remedy at law and because an adequate remedy at law existed. See *People ex rel. Carey v. Covelli* (1975), 61 Ill. 2d 394, where the Illinois Supreme Court overruled a temporary restraining order enjoining the judgment of a circuit court criminal judge. The court held the restraining order was improperly issued by a circuit court chancery judge, where an adequate remedy at law was available in the initial criminal court proceedings.

In order to determine whether Cousins Club had an adequate remedy at law, we must look to the rules of forcible entry and detainer proceedings. The forcible entry and detainer statute, (Ill. Rev. Stat. 1975, ch. 57) along with the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110), provides a defendant in a forcible entry and detainer action with an opportunity: (1) to deny the allegations of the complaint, (2) to give in evidence of any matter in defense of the action and (3) to counterclaim and give in evidence all matters germane to the questions of entitlement to possession. See *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249.

■■ We recognize an injunction will not be granted where an adequate legal remedy exists. (See *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318.) Since an adequate remedy at law did exist, the trial judge properly denied plaintiff's motion for a preliminary injunction.

■■ Lehndorff alternatively argues even if this court finds the trial judge did abuse his discretion we should not reverse since the issue of right to possession is now moot. The status quo has been altered. The forcible entry and detainer action has been terminated and can no longer be enjoined. A nonparty (Benihana) has the right of possession, and this right cannot now be affected since no supersedeas bond was perfected in the forcible entry and detainer action by Cousins Club, as required by Illinois Supreme Court Rule 305(i) (Ill. Rev. Stat. 1975, ch. 110A, par. 305(i)).

Since we hold the trial judge did not abuse his discretion in denying plaintiff's petition, the issue of mootness does not require our decision. Nevertheless, it is obvious the issues raised by this appeal are now moot.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

JOHNSON, P. J., and ADESKO, J., concur.