KANTER & EISENBERG, Plaintiff-Appellee, v. MADISON ASSOCIATES *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 85—2012

Opinion filed February 18, 1986.—Rehearing denied April 17, 1986.

Isham, Lincoln & Beale, of Chicago (David M. Stahl, Donald C. Clark, Jr., and Irene B. Cramer, of counsel), for appellants.

Tishler & Wald, Ltd., of Chicago, for appellee.

William J. Harte, Ltd., and Kevin M. Forde, Ltd., both of Chicago (William J. Harte, Kevin M. Forde, and John B. Austin, of counsel), for *amicus curiae*.

JUSTICE STAMOS delivered the opinion of the court:

Defendants are appealing from an order of the chancery court enjoining them from instituting a forcible entry and detainer action against the plaintiff and requiring them to remit plaintiff's disputed rental payments to an escrow account.

On June 30, 1980, the law firm of Kanter & Eisenberg (K&E) entered into a lease agreement with Madison Associates (Madison). K&E agreed with Madison's managing partner, Hines Chicago Associates, Ltd., to rent a full floor in the Three First National Plaza building. The lease provided that the tenant must pay both a "Base Rental" and an "Additional Rental." The base rental is a fixed annual sum, payable in monthly installments, and the additional rental is the tenant's proportionate share of increases in the operating expenses of the building in excess of an amount stipulated in the lease. The stipulated amount or initial basic cost in K&E's lease is $4.50. Therefore, K&E is required to pay its proportionate share of the building's annual operating expenses to the extent that those expenses exceed $4.50 per square foot of space rented.

According to K&E, at the time that it entered into the lease, an

agent for Madison assured a K&E partner that an initial basic cost of $4.50 was adequate to cover the operating expenses of the building for the first year of plaintiff's tenancy. Therefore, it was K&E's expectation that it would not have to pay any additional rental for that period.

Although K&E's tenancy was to commence on June 1, 1981, it did not begin until February 1, 1982. Since that time, K&E has paid its base rental without protest. However, the plaintiff has refused to pay the additional rental demanded by the defendants. Madison determined that the plaintiff owed $170,352.34 in additional rental costs for the first year of its tenancy. When the plaintiff refused to pay this amount, the defendants served K&E with a five-day notice in accordance with the forcible entry and detainer statute (Ill. Rev. Stat. 1983, ch. 110, par. 9—209).

K&E paid the additional rental as demanded in the five-day notice but filed an action against the defendants, alleging that they fraudulently represented that an initial basic cost of $4.50 would be adequate to cover the building's operating expenses for the first year of K&E's tenancy. Plaintiff also alleged that it was denied access to Madison's accounts in violation of the lease agreement. As one of its remedies, plaintiff sought a reformation of its lease to reflect an initial basic cost equal to its proportionate share of the building's operating expenses. Reformation of the parties' agreement in this manner would relieve plaintiff of the obligation to pay any additional rental, at least for the first year of its tenancy.

After the plaintiff had filed its complaint, additional rental costs accumulated for the second year of its tenancy, and plaintiff refused to pay them. Accordingly, on June 7, 1984, Madison served upon the plaintiff another five-day notice, this time demanding $275,906.93 in additional rental. K&E refused to pay the amount demanded in the notice and petitioned the court for a temporary restraining order, asking that Madison be enjoined from initiating an eviction action. Plaintiff also asked the court to enjoin defendants from attempting to collect any future additional rental payments. In support of its request, K&E asserted that it did not owe the rent demanded in Madison's five-day notice because the defendants had misrepresented the adequacy of the initial basic cost.

The court held a hearing on plaintiff's petition and issued an order which provided the following: (1) Madison was temporarily enjoined from filing an eviction action; (2) all additional rental payments made by K&E were to be paid into an escrow account; (3) the deadline in Madison's five-day notice was extended by one week. Several

days later, the plaintiff asked the court for clarification and for an additional order. The court then issued a second order, which provided as follows: (1) payment by K&E of the sum of $275,906.93 as demanded in the five-day notice cured or satisfied the terms of the notice; (2) defendants were temporarily enjoined from initiating an eviction action; (3) defendants were ordered to pay an escrowee that portion of K&E's additional rental payment that would not be due if the initial basic cost in the lease were $7.07 instead of $4.50; (4) defendants were ordered to pay an escrowee that portion of all future additional rental payments that would not be due if the initial basic cost were $7.07. (The figure of $7.07 represented a compromise between plaintiff's contention that the initial basic cost should be $9.65 and defendants' assertion that the cost should remain at $4.50.) The defendants now appeal from the court's order.

Defendants' first contention on appeal is that the court erred in temporarily enjoining them from initiating an eviction action against the plaintiff for nonpayment of rent. Absent an injunction, the defendants would have been entitled to terminate the plaintiff's lease if plaintiff failed to pay its rent within five days of having received a notice that it was due. Then the defendants could have sued for possession of the leased premises. (Ill. Rev. Stat. 1983, ch. 110, par. 9–209.) As a result of the court's order, however, the defendants were precluded from pursuing their statutory remedy, and they argue that the present situation is an inappropriate one for injunctive relief.

■ The grant of a preliminary injunction rests within the sound discretion of the trial court. An appellate court must uphold that decision unless it finds that the trial judge abused his discretion. (*Frank B. Hall & Co. v. Payseur* (1979), 78 Ill. App. 3d 230, 236, 396 N.E.2d 1246.) Although the lower court's judgment is accorded great deference, it must still be exercised within the established legal framework for injunctive relief. *Alexander v. Standard Oil Co.* (1977), 53 Ill. App. 3d 690, 698, 368 N.E.2d 1010.

In order for a preliminary injunction to issue, the moving party must show the following: (1) that he possesses a clear ascertainable right in need of protection; (2) that he will suffer irreparable harm without protection; (3) that he has no adequate remedy at law; (4) that he is likely to be successful on the merits of the suit. *In re Marriage of Schwartz* (1985), 131 Ill. App. 3d 351, 354, 475 N.E.2d 1077.

■ Notwithstanding the deference paid to the trial court's judgment, the present case is ill-suited to the type of injunctive relief granted. The defendants could have been properly restrained from instituting an eviction action in another court. Where two actions be-

tween the same parties, on the same subject, and to test the same rights, are brought in different Illinois courts having concurrent jurisdiction, the court first acquiring jurisdiction retains it and may dispose of the entire controversy, to the exclusion of coordinate courts. (*Cousins Club, Inc. v. USA I Lehndorff Vermoegensverwaltung GmbH & Cie* (1976), 39 Ill. App. 3d 227, 228, 353 N.E.2d 169.) Since the trial court in this case was the first to acquire jurisdiction of the parties' dispute over rental payments, it had the power to restrain the defendants from instituting an eviction action in another court. (See *Wells v. Wells* (1976), 36 Ill. App. 3d 91, 93, 343 N.E.2d 215.) This course of action would have left the defendants free to file their eviction action in the trial court as part of the present controversy.

Although the trial judge could have enjoined the defendants from filing an eviction action in another court, he erred in enjoining them entirely from instituting eviction proceedings against the plaintiffs. The defendants should not be completely barred from bringing an eviction action because the plaintiff is unlikely to suffer irreparable harm. If K&E simply paid the rent demanded by defendants, its tenancy would remain unaffected. Then, if the plaintiff prevails in its lawsuit, it can recover any rental payments to which Madison was not entitled.

■ Additionally, the defendants should not be barred from instituting eviction proceedings because the plaintiff has an adequate remedy at law. Injunctive relief should be granted only when monetary damages cannot adequately compensate a plaintiff for his injury, or the injury cannot be measured with reasonable certainty by pecuniary standards. (*Best Coin-Op v. Old Willow Falls Condominium Association* (1983), 120 Ill. App. 3d 830, 834-35, 458 N.E.2d 998.) A preliminary injunction is properly denied where the damages caused by the alteration of the status quo pending a final decision on the merits can be compensated adequately by monetary damages. 120 Ill. App. 3d 830, 835, 458 N.E.2d 998.

In the present case, the plaintiff's injury can be compensated adequately in a pecuniary fashion. If the plaintiff succeeds in its action and establishes that the defendants have demanded excessive rent, K&E can recover this amount in the form of an easily calculable award of money damages. Consequently, the plaintiff is not in need of a preliminary injunction.

Even if the plaintiff chose to withhold its payment of additional rental, it could assert its allegations as a counterclaim or defense if Madison brings an eviction action. This is so because in an action brought by a landlord under the forcible entry and detainer act, the

question of whether rent is due and owing is crucial to the court's determination of the tenant's right to remain in possession of the premises. *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 359, 280 N.E.2d 208; *Peoria Housing Authority v. Sanders* (1973), 54 Ill. 2d 478, 298 N.E.2d 173.

■ Plaintiff argues that its remedy at law is inadequate because the *res* in controversy might be dissipated. K&E contends that a preliminary injunction is available to preserve the status quo, and this concept includes the preservation of an account or item in controversy. *Home Savings & Loan Association v. Samuel T. Isaac & Associates, Inc.* (1981), 99 Ill. App. 3d 795, 802-03, 425 N.E.2d 985.

Plaintiff's argument in this regard is unpersuasive. K&E presents no evidence that the defendants would dissipate the additional rental payment demanded in the five-day notice. Moreover, even if the disputed amount were defendants' only asset, this would not justify the granting of a preliminary injunction or the withholding of rent. *Goldblatt Brothers, Inc. v. Sixty-Third and Halsted Realty Co.* (1949), 338 Ill. App. 543, 88 N.E.2d 100.

●5 Plaintiff argues further that the availability of a legal remedy does not preclude the jurisdiction of the equity court. In support of this argument, plaintiff notes that even when a remedy at law is available, equity may take jurisdiction of a case if the equitable remedy is superior to the legal remedy because of special circumstances. (*Mayer v. Collins* (1931), 263 Ill. App. 219.) The plaintiff claims that avoidance of a forfeiture is a special circumstance appropriate for injunctive relief. *Bartelstein v. Goodman* (1950), 340 Ill. App. 51, 90 N.E.2d 796.

It is true in the proper circumstances, equity will enjoin a forfeiture. However, in cases cited by plaintiff, the tenant had tendered full rent to his landlord before the chancery court acted to prevent termination of the leasehold. (See *Bartelstein v. Goodman* (1950), 340 Ill. App. 51, 90 N.E.2d 796; *Famous Permanent Wave Shops, Inc. v. Smith* (1939), 302 Ill. App. 178, 23 N.E.2d 767.) In the present case, the plaintiff refuses to pay the full rent demanded by its lessor. Furthermore, plaintiff fails to set forth any peculiar hardship that it will suffer if it is required to pay its additional rental fee pending resolution of this controversy. In the absence of such special circumstances, a court should not provide plaintiff with the extraordinary relief of a preliminary injunction.

■ Defendants' second contention on appeal is that the court should not have ordered them to remit part of the plaintiff's additional rental payment to an escrow account. The defendants claim

that payment to an escrowee does not satisfy the plaintiff's legal obligation to pay rent so long as it remains in possession of the premises, nor does it cure the rental deficiency set forth in the five-day notice.

The defendants' argument has merit. A lessee must generally tender all of the rent owing to his lessor, and a tender of any less sum is nugatory and ineffective. (*Elizondo v. Medina* (1981), 100 Ill. App. 3d 718, 721, 427 N.E.2d 381; *Lehndorff USA Ltd. v. Cousins Club, Inc.* (1976), 40 Ill. App. 3d 875, 879, 353 N.E.2d 171.) In *Elizondo v. Perez* (1976), 42 Ill. App. 3d 313, 315, 356 N.E.2d 112, the court held that even though a lessor retained a security deposit exceeding the amount of rent in dispute, this fund did not operate to forestall a forfeiture. The court concluded that it could not rewrite the parties' lease or allow an indefinite postponement of the lessor's legal right to re-enter the premises for nonpayment of rent. Similarly, in this case, the court may not rewrite the parties' lease to make their initial basic cost $7.07 instead of $4.50. Such a ruling deprives defendants of the use of part of a rental payment to which they are legally entitled.

In light of the foregoing, the judgment of the court below is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HARTMAN and SCARIANO, JJ., concur.