MARY COLARIC, Plaintiff-Appellee, v. GAIL P. NORSTROM, Defendant-Appellant.

First District (3rd Division)   No. 85—2442

Opinion filed July 23, 1986.

Marianne D. Yacobellis and James W. Holman, both of Cellucci & Yaco-
bellis, of Naperville, for appellant.

354

Mark S. Smith, of Engelman & Smith, of Skokie, for appellee.

JUSTICE WHITE delivered the opinion of the court:

On December 21, 1982, Mary Colaric filed suit in the municipal division of the circuit court against Gail P. Norstrom, alleging that Norstrom was the father of Colaric's daughter Gail Elisabeth Colaric. The parties entered into a settlement agreement, and the trial court incorporated the agreement into its order dismissing the case. Norstrom subsequently filed a petition for a rule to show cause in which he asked the court to find Colaric in contempt of court because she changed her child's name to Gail Elisabeth Norstrom Colaric. Colaric moved to strike the petition and the court granted her motion. Norstrom appeals.

On July 14, 1983, while the paternity suit was pending in the municipal division of the circuit court, Colaric began a separate action in the chancery division of the court to change her daughter's name, without notice to Norstrom. On that day the name change was granted. On October 4, 1983, Colaric and Norstrom entered into a settlement agreement which provided, among other things, that Norstrom relinquished all rights he might have as Gail Elisabeth's father, and that "[n]either party shall *** attempt to see, visit or communicate or affiliate with the child or children of the other." On November 7, 1983, the court entered an order dismissing the paternity suit. The court expressly made no finding as to the paternity of the child. It incorporated the entire settlement agreement into its order.

■ Norstrom contends that Colaric has affiliated her child with Norstrom, in violation of the order, by continuing to use the name Gail Elisabeth Norstrom Colaric for her child. Norstrom cites Webster's Dictionary, which defines "affiliate" as "2: to fix the paternity of (an illegitimate child)—used with *to*." (Emphasis in original.) (Webster's Third New International Dictionary of the English Language, Unabridged 35 (1981).) However, the same dictionary also defines "affiliate" as "to connect or associate oneself ***—usu. used with *with*." (Emphasis in original.) The trial court order instructs Colaric not to "see, visit or communicate or affiliate with the child or children" of Norstrom. Even if Colaric has affiliated her child to Norstrom, she has not affiliated with Norstrom's children, so she has not violated the order. Neither has she caused Norstrom to communicate or affiliate with her child. We find no violation of the settlement agreement, and therefore we find no contemptuous violation of the trial court order.

■ Norstrom next contends that Colaric is in contempt of court

because she brought her action for a name change in the chancery division of the circuit court while paternity proceedings were pending in the municipal division. As this court has stated, "Contempt is generally defined as conduct calculated to embarrass, hinder or obstruct a court in its administration of justice, to derogate from its authority or dignity or bring the administration of law into disrepute." (*Weglarz v. Bruck* (1984), 128 Ill. App. 3d 1, 7, 470 N.E.2d 21.) Norstrom maintains that Colaric "subverted the jurisdiction" of the municipal division of the court by improperly bringing her petition for a name change in the chancery division.

The circuit court is a court of general jurisdiction and the divisions into which its activities may be divided are designed to organize these activities for efficient administration. The divisions are purely administrative and not jurisdictional. (*Ryan v. Miller* (1978), 58 Ill. App. 3d 283, 285, 374 N.E.2d 257.) The chancery division of the circuit court of Cook County is the division of that court which has been designated to hear actions for changes of names. (General Orders of the Circuit Court of Cook County, No. 1.2, par. 2.1(II)(a).) The chancery division was the appropriate division in which to file the petition requesting a name change for Colaric's minor child.

Norstrom cites *In re Petition of Sullivan* (1985), 134 Ill. App. 3d 455, 480 N.E.2d 1283, and *In re Marriage of Omelson* (1983), 112 Ill. App. 3d 725, 445 N.E.2d 951, to support his claim that the court which heard the paternity suit should have also heard the petition for a name change. In *Sullivan*, the father of a child born out of wedlock sought a determination of paternity of the child and he asked the court to change the surname to the father's surname. The appellate court held that the court which determined paternity could order the name change if it found that the change was in the child's best interest. (*In re Petition of Sullivan* (1985), 134 Ill. App. 3d 455, 464, 480 N.E.2d 1283.) In *Omelson*, the court which determined custody rights in a divorce also heard a petition to change the child's name. The appellate court again held that the child's father had an interest in determining the child's name, and the name change could be granted if it was in the child's best interest. (*In re Marriage of Omelson* (1983), 112 Ill. App. 3d 725, 731, 445 N.E.2d 951.) In the instant case, by contrast, Norstrom expressly surrendered all rights he may have had as the child's father.

■■ ■ Even if the municipal division properly could have heard the petition for a name change in conjunction with the paternity proceedings, the chancery division could also hear the petition for a name change without regard to the paternity proceedings. A suit may be

subject to involuntary dismissal if "there is another action pending between the same parties for the same cause" (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(3)); however, if the suit involves different parties or a different cause for previous suits, it should not be dismissed (*Hackler v. Cardinal Newman College* (1979), 71 Ill. App. 3d 665, 667, 389 N.E.2d 960). In the instant case, Norstrom was not a party to the name change and the name change involved facts that are substantially different from those that form the basis for the relief requested in the paternity proceeding. (See *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 57, 203 N.E.2d 428, *cert. denied* (1965), 381 U.S. 926, 14 L. Ed. 2d 684, 85 S. Ct. 1562.) Therefore, the chancery division was a proper court to hear the petition for name change. We find that Colaric's proper filing in the chancery division of a request for a name change does not constitute contempt of the municipal division of the circuit court.

█▌ █ Norstrom further contends that Colaric is in contempt of court because she failed to inform the court which heard the paternity proceedings of the name change. A party to a lawsuit may be in contempt of court if that party has concealed material facts from the trial court. (*People v. McCaffrey* (1924), 232 Ill. App. 462, 480-81, *aff'd sub nom People ex rel. Fahey v. Burr* (1925), 316 Ill. 166, 147 N.E. 47.) However, in the instant case, the name change was not a material fact since the daughter's name was not relevant to the determination of paternity or the right to child support, or any other issue presented to the municipal division. We have already found that the child's new name does not create a violation of the trial court order because neither party has affiliated with the children of the other. Since the name change was not material to the trial court's determination of issues or its decision to enter its order approving the settlement, Colaric's failure to inform the court of the change cannot constitute contempt.

█▌ █ Finally, Norstrom claims that the trial court committed reversible error in refusing to consider whether the name change ordered by the chancery division of the circuit court was in the child's best interest. In essence, Norstrom seeks in the paternity action to attack collaterally the judgment of the chancery division. However, "[w]here the court has jurisdiction of the parties and of the subject matter in controversy and enters a final decree, and that decree is not appealed from, it cannot thereafter be collaterally attacked." (*Liberty National Bank v. Booth* (1949), 403 Ill. 62, 65, 85 N.E.2d 21.) The trial court properly concluded that petitioning for a name change did not constitute contempt and use of the child's new name did not

violate its order; it had no jurisdiction to review further the judgment of the chancery division allowing the name change.

For the reasons stated herein, the order of the municipal division of the circuit court striking Norstrom's petition for a rule to show cause is affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.