159 Ill. App.3d 275 (1987)
512 N.E.2d 378
THE DELCON GROUP, INC., et al., Plaintiffs-Appellees,
v.
NORTHERN TRUST CORPORATION et al., Defendants-Appellants.
No. 2-86-1125.
Illinois Appellate Court  Second District.
Opinion filed August 12, 1987.
*276 David E. Schaper, of Keck, Mahin & Cate, of Chicago (Dennis M. O'Dea, of counsel), for appellants.
Siegan, Barbakoff, Gomberg & Gordon, Ltd., of Chicago (Ronald P. Kane, of counsel), for appellees.
Reversed and remanded.
JUSTICE NASH delivered the opinion of the court:
Defendants bring this interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (107 Ill.2d R. 307(a)(1)) from an order granting a preliminary injunction sought by plaintiffs. The underlying action was brought in October 1986, by the Delcon Group, Inc., a holding company which owns all of the common stock of the other corporate plaintiffs, Kane Environmental Systems, Inc.; Midwest Delta Contractors, Inc.; and Delcon Realty and Development, Inc. Jon C. Ginder, the principal officer and shareholder of the companies, is also named as a plaintiff. For convenience the plaintiffs will be referred to collectively as "Delcon." The defendants are the Northern Trust Corporation, a holding company which owns the other corporate defendant, Northern Trust Bank/Naperville. Hereinafter the corporate defendants will be referred to collectively as "Northern Trust." James V. Zaring, a former vice-president of Northern Trust Bank/Naperville, was also named as a defendant.
Delcon filed a "VERIFIED COMPLAINT IN CHANCERY FOR SPECIFIC PERFORMANCE AND INJUNCTIVE AND OTHER EQUITABLE AND LEGAL RELIEF." This pleading identified the parties involved and set forth a number of paragraphs containing allegations applicable to all counts. Count I was entitled "FRAUD AND MATERIAL MISREPRESENTATIONS" and sought a preliminary injunction enjoining Northern Trust from accelerating a demand note executed by Delcon on December 11, 1985, and any and all other notes relating to Delcon; from taking any action against Jon C. Ginder relating to his guarantee of Delcon's indebtedness to Northern Trust; and from taking any further action against Delcon which would operate to its detriment. Count I also sought $800,000 as actual damages and $1 million as punitive damages against defendants. *277 Count II was captioned "BREACH OF CONTRACT AND SPECIFIC PERFORMANCE" and sought an order directing Northern Trust to specifically perform an alleged contract with Delcon, together with compensatory and punitive damages. Count III was also entitled "BREACH OF CONTRACT AND SPECIFIC PERFORMANCE" in which Delcon sought specific performance, together with compensatory and punitive damages. Count IV was captioned "INTERFERENCE" and alleged interference by defendants with Delcon's contractual relationships and sought a preliminary injunction enjoining Northern Trust from further interfering with Delcon's contractual obligations and requiring Northern Trust to advance the necessary funds for Delcon to perform its contractual obligations. Count V was captioned "BREACH OF FIDUCIARY DUTY" and sought compensatory and punitive damages. Count VI was captioned "BREACH OF CONTRACT" and sought money damages and other relief to which Delcon may be entitled.
Delcon, which engages in the business of commercial and industrial painting, fireproofing, and asbestos removal, essentially sought to enjoin Northern Trust from collecting an amount due under a note and from collecting Delcon accounts receivable which secured payment of the note. Delcon alleged that Northern Trust committed fraud when it failed to extend Delcon's line of credit, breached an oral contract to lend Delcon additional money, wrongfully interfered with the contractual relationships between Delcon and certain school districts when it failed to extend Delcon's line of credit, breached a purported fiduciary duty owed to Delcon which arose in the borrowing transaction, and breached the existing lending agreement with Delcon by wrongfully refusing to include receivables from bonded work in Delcon's borrowing base.
The pertinent facts are as follows: On November 13, 1985, Delcon and Northern Trust entered into a lending agreement under the terms of which Northern Trust agreed to make working capital and equipment financing available to Delcon. Northern Trust agreed to make a line of credit loan of up to 80%, but no more than $300,000, of Delcon's eligible accounts receivable, and further agreed to make a term loan of up to 80%, but no more than $50,000, of the purchase price of machinery and equipment. This line of credit loan was payable by Delcon on demand of Northern Trust, or no later than one year from closing, and the term loan was to be amortized over a period of either 36 or 48 months. The agreement called for the execution of, inter alia, a promissory note and security agreement.
*278 Pursuant to the terms of the lending agreement Delcon executed a master demand note and a security agreement on December 11, 1985. Under the terms of these instruments, Northern Trust obtained a security interest in all assets of Delcon, including inventory and accounts receivable. The security agreement defined "default" as including, inter alia, the failure to pay any liability when due or demanded, and the insolvency of the debtor.
The testimony and exhibits presented in the hearing for preliminary injunction establish that under the lending agreement, master demand note, and security agreement Delcon borrowed $235,000 by the end of June 1986, and in August 1986, Delcon stopped making the payments due under the master demand note. The Delcon balance sheet of August 31, 1986, showed that it was insolvent.
On December 3, 1986, the trial court entered an order for preliminary injunction which enjoined Northern Trust from collecting the $235,000 due under the master demand note executed by Delcon and from collecting the accounts receivable which secured the note. The trial court found as follows:
"Plaintiffs have established a clearly ascertainable right which needs protection, that is, the right to continue the operation of their business.
The Defendant Northern Trust Bank/Naperville has, by its indiscriminant [sic] use of notice to the customers and accounts of Plaintiffs virtually stopped the flow of cash due to the Plaintiffs from its customers and accounts. The evidence demonstrated that the dollar amounts of the accounts receivable relating to Plaintiffs' customers and accounts who received such notice, were far in excess of the dollar amounts due the Northern Trust Bank/Naperville from Plaintiffs; that the Northern Trust Bank/Naperville sent such notice to certain customers and accounts of Plaintiffs who did not owe the Plaintiffs any money at the time of such notice; and that such notices were sent at a time when it was questionable whether the Northern Trust Bank/Naperville had the right to send such notices. Therefore, the Court finds that Plaintiffs have suffered irreparable injury which will continue if no injunction is issued.
The Court further finds that Plaintiffs have no adequate remedy at law for the injury incurred, which is a continuing one, and that the Plaintiffs have established to the satisfaction of the Court that there is a substantial likelihood that Plaintiffs will prevail on the merits of this cause.

*279 Upon balance, the harm to Plaintiffs is great, in that the continuance of the injury will most surely cause the failure of the business of the Plaintiffs, while the harm to the Northern Trust Bank/Naperville is less serious."
 1-4 To be entitled to a preliminary injunction a party must show that (1) a certain and clearly ascertained right needs protection; (2) immediate and irreparable injury will occur if the preliminary injunction is denied; (3) no adequate remedy at law exists; and (4) there is a probability of success on the merits of the case. (Junkunc v. S.J. Advanced Technology & Manufacturing Corp. (1986), 149 Ill. App.3d 114, 118, 498 N.E.2d 1179; U-Haul Co. v. Hindahl (1980), 90 Ill. App.3d 572, 575, 413 N.E.2d 187.) The burden is on the plaintiff to establish its right to preliminary injunctive relief. (Edgewater Construction Co. v. Percy Wilson Mortgage & Finance Corp. (1976), 44 Ill. App.3d 220, 229, 357 N.E.2d 1307.) An injunction is an exceptional remedy which is not granted as a matter of course, but only with great caution and only when plaintiff's right to such relief is clearly established. (Sheridan v. Park National Bank (1981), 97 Ill. App.3d 589, 591, 422 N.E.2d 1130.) Whether to grant a preliminary injunction is a matter within the discretion of the trial court. Cincinnati Tool Steel Co. v. Breed (1985), 136 Ill. App.3d 267, 273, 482 N.E.2d 170.
 5 We conclude that the trial court abused its discretion by granting the preliminary injunction in this case. Although the right to conduct a lawful business does constitute a property right entitled to protection by a court of equity in appropriate circumstances (see ABC Trans National Transport, Inc. v. Aeronautics Forwarders, Inc. (1978), 62 Ill. App.3d 671, 683, 379 N.E.2d 1228, appeal denied (1978), 71 Ill.2d 616), this is not such a case. Here, Delcon asserts a lawful right to avoid having collateral collected by a secured party and has failed to establish such a right in this case.
Under article 9 of the Uniform Commercial Code, Northern Trust had a clear statutory right to collect the accounts receivable once there was a default by Delcon. (Ill. Rev. Stat. 1985, ch. 26, par. 9-502.) Both commercial necessity and common sense dictate that a secured party's right to collect its collateral should not be interfered with absent a showing that the secured party is violating the terms of the loan agreement. No such showing was made by Delcon. Instead, five of the six counts in Delcon's complaint relate to alleged wrongful conduct by Northern Trust which has nothing to do with the lending agreement, master demand note, and security agreement under which Northern Trust sought to collect its collateral. While *280 Delcon's sixth count alleges that there was a breach of the lending agreement by Northern Trust because Northern Trust required that Delcon exclude bonded work from its borrowing base, this requirement merely resulted, according to Delcon's complaint, in a "technical default." Delcon does not dispute that it was in actual default by unilaterally stopping payments of amounts due to Northern Trust in August 1986. Moreover, Delcon was also in default because it was insolvent in August 1986. Given Northern Trust's statutory right as a secured creditor to collect its collateral, and the allegations in Delcon's complaint, we find that Delcon has not shown a certain and clearly ascertained right which was entitled to injunctive protection.
We also find that the preliminary injunction was improvidently issued as Delcon can find adequate relief through money damages. A preliminary injunction should be granted only when monetary damages cannot adequately compensate plaintiff for its injury or damages cannot be measured with reasonable certainty by pecuniary standards. (Kanter & Eisenberg v. Madison Associates (1986), 144 Ill. App.3d 588, 592, 494 N.E.2d 493; Kessler v. Continental Casualty Co. (1985), 132 Ill. App.3d 540, 545, 477 N.E.2d 1287, appeal denied (1985), 108 Ill.2d 566.) In the present case, all of Delcon's causes of action are at law and seek monetary damages. Even assuming that Delcon's business would be severely affected by Northern Trust's collection of its collateral, monetary damages would adequately compensate Delcon for any wrongful conduct shown to have been committed by Northern Trust in the trial of the merits of the case.
Accordingly, the judgment of the circuit court is reversed and the cause remanded for further proceedings.
Reversed and remanded.
LINDBERG, P.J., and INGLIS, J., concur.