*In re* TARRIE LEHMANN.

First District (4th Division)   No. 1—88—1011

Opinion filed July 6, 1989.—Rehearing denied August 17, 1989.

J. Timothy Eaton, John D. English, and Steven J. Roeder, all of Coffield, Ungaretti, Harris & Slavin, of Chicago, for appellant Gary T. Morgan.

Patrick T. Murphy, Public Guardian, of Chicago, appellee *pro se* and guardian *ad litem*.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Gary T. Morgan, the guardianship administrator of the Department of Children and Family Services (DCFS administrator), appeals from an order of the circuit court of Cook County, juvenile division, which limited his authority as guardian of the person of Tarrie Lehmann. Specifically, the order precludes the DCFS administrator from representing Tarrie Lehmann in a Federal lawsuit brought by the estate of his deceased sister, Tameka Lehmann, against DCFS employees. In entering the order, the trial court made findings of fact which form the basis of this appeal. The DCFS administrator contends that the juvenile division abused its discretion in exercising jurisdiction over this matter because certain of the issues were already pending before the probate division and in Federal court. He also maintains that the court acted improperly in deciding issues of fact not raised in the pleadings.

In November 1978, the State filed a petition for adjudication of wardship in the juvenile division of the circuit court alleging that Tarrie Lehmann and his sister Tameka Lehmann had been neglected by their parents. The court entered a finding of neglect and placed the children in the custody of the DCFS. On April 11, 1984, the court terminated the parental rights of the children's biological parents and appointed the DCFS administrator as personal guardian with the right to consent to adoption. In March 1987, Patrick Murphy, the public guardian of Cook County (public guardian), was appointed as attorney and guardian *ad litem* for Tarrie and Tameka Lehmann.

On March 25, 1987, a supplemental petition was filed asking the court to authorize the transfer of Tarrie and Tameka Lehmann to their foster parents' new home in North Carolina. At a hearing on the petition, representatives of the DCFS stated that the Interstate Compact on the Placement of Children (Interstate Compact)[1] had been approved and that services for the children "were being set up" in North Carolina. In reliance on these representations, the public guardian recommended the transfer. In fact, however, the Interstate

[1]The Interstate Compact sets forth statutory protection for children placed in foster homes outside of the State by authorities in Illinois. Ill. Rev. Stat. 1987, ch. 23, par. 2601 *et seq.*

Compact had not been approved and no services were in place for the children when they reached North Carolina. Subsequently, both children suffered abuse by their foster parents which resulted in the death of Tameka Lehmann.

The public guardian then filed a petition in the probate division of the circuit court asking to be appointed independent administrator of the estate of Tameka Lehmann. The petition was granted, and on September 21, 1987, the public guardian filed a complaint in Federal court on behalf of Tameka's estate and as next friend and guardian *ad litem* of Tarrie Lehmann. The complaint named several DCFS employees as defendants and alleged violation of the children's constitutional rights, assault and battery, negligence and negligent entrustment.

On February 5, 1988, the DCFS administrator filed a petition in the probate division seeking to vacate the order appointing the public guardian administrator of the estate of Tameka Lehmann. The petition alleged in part that the public guardian had a conflict of interest arising from his participation in the proceedings which resulted in the transfer of the children to North Carolina. The public guardian moved to dismiss this petition. The DCFS administrator also filed a motion in Federal court seeking to remove the public guardian as the next friend of Tarrie Lehmann based on the asserted conflict of interest.

On March 1, 1988, the public guardian filed a motion in the juvenile division asking the court to limit the guardianship authority of the DCFS administrator. The motion alleged that Illinois law provides that a personal guardian has authority to represent the minor in legal actions "except as otherwise provided by order of court." (Ill. Rev. Stat. 1987, ch. 37, pars. 802—27(3), 801—3(9)(a).) The motion then asked the court to restrict the guardianship authority of the DCFS administrator "so that said authority does not include the authority to represent Tarrie Lehmann in matters relating to the estate of Tameka Lehmann or represent Tarrie Lehmann in any action in which DCFS or DCFS employees are named as defendants." Following a hearing on the motion, the court entered an order stating as follows:

> "IT IS HEREBY ORDERED that the authority of [the DCFS administrator] is hereby limited, as follows: The Department of Children and Family Services and its guardianship administrator, Gary T. Morgan, shall have no authority from this court to represent Tarrie Lehmann with respect to the estate of Tameka Lehmann or with respect to any action filed in fed-

eral court naming DCFS employees as defendants."

Prior to entering this order, the court made several findings of fact, including that the public guardian was not negligent in relying upon representations of DCFS employees that the Interstate Compact had been approved and a finding that there existed no conflict of interest in the public guardian's representation of Tarrie Lehmann and the estate of Tameka Lehmann. It is apparently these findings of fact which prompted the instant appeal.

The DCFS administrator first contends that the juvenile division of the circuit court erred in entertaining the public guardian's motion to limit the authority of the DCFS administrator because the motion raised issues already pending in the probate division and the Federal court. To support this contention, he has cited cases stating the proposition that "[w]here two actions between the same parties, on the same subject, and to test the same rights, are brought in different Illinois courts having concurrent jurisdiction, the court first acquiring jurisdiction retains it and may dispose of the entire controversy, to the exclusion of coordinate courts." *Kanter & Eisenberg v. Madison Associates* (1986), 144 Ill. App. 3d 588, 591-92, 494 N.E.2d 493, 496, *aff'd* (1987), 116 Ill. 2d 506, 508 N.E.2d 1053; *Cousins Club, Inc. v. USA 1 Lehndorff Vermoegensverwaltung GmbH & Cie* (1976), 39 Ill. App. 3d 227, 228, 353 N.E.2d 169, 170.

■■ ■ Initially, we note that the circuit court is a court of general jurisdiction. (*American National Bank & Trust Co. v. Levy* (1980), 83 Ill. App. 3d 933, 937, 404 N.E.2d 946.) The divisions into which its activities are divided exist solely for administrative efficiency and are not jurisdictional. (*Colaric v. Norstrom* (1986), 146 Ill. App. 3d 352, 355, 496 N.E.2d 1135.) The record clearly reveals that the juvenile division of the circuit court acquired jurisdiction of this matter in 1978 when the State filed its petition for adjudication of wardship. In the exercise of this jurisdiction, it appointed the DCFS administrator guardian of the persons of Tameka and Tarrie Lehmann. Pursuant to statute, "guardians of the person of the minor have the respective rights and duties set forth in subsection (9) of Section 1—3 except as otherwise provided by order of court." (Ill. Rev. Stat. 1987, ch. 37, par. 802—27(3).) Subsection (9) of section 1—3 provides that a guardian of the person has authority to "represent the minor in legal actions." (Ill. Rev. Stat. 1987, ch. 37, par. 801—3(9)(a).) Thus, absent an order of the court, the DCFS administrator as guardian of the person of Tarrie Lehmann would have the authority to represent him in the Federal court suit brought by the estate of Tameka Lehmann against DCFS employees. There is no sugges-

tion that the juvenile division lacked jurisdiction to modify its earlier order appointing the DCFS administrator personal guardian of the children so as to limit his authority in that capacity. We therefore reject the contention that the juvenile division was required to decline to exercise its jurisdiction.

■■ The DCFS administrator next contends that the trial court erred in making findings of fact that the public guardian was not negligent in relying upon the representations of DCFS employees concerning the Interstate Compact and that no conflict of interest existed with respect to the public guardian's representation of Tarrie Lehmann and the estate of Tameka Lehmann in Federal court. In making this argument, the DCFS administrator does not challenge the propriety of the actual relief awarded by the trial court. In fact, in his brief on appeal, the DCFS administrator states that he has "no desire to control the federal litigation" in which DCFS administrators were named as defendants. The sole issue before this court is the propriety of the judgment order limiting the DCFS administrator's authority. The DCFS administrator has failed to cite any support for his contention that this court has the authority to strike findings of fact made by the trial court in awarding relief which is not challenged as incorrect. We find no merit to this contention.

The DCFS administrator has made several other arguments relating to the fact findings made by the trial court. Because we have determined that the correctness of these findings is not an issue before this court, it is unnecessary for us to address the remaining contentions.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.