BEST COIN-OP, INC., Plaintiff-Appellant, *v.* OLD WILLOW FALLS CONDOMINIUM ASSOCIATION and PAUL F. ILG SUPPLY COMPANY, INC., Defendants-Appellees.

First District (5th Division)   No. 83—2177

Opinion filed December 23, 1983.

James B. O'Brien & Associates, Ltd., of Chicago, for appellant.

Ronald H. Balson, of Chicago, for appellee Paul F. Ilg Supply Co.

Marshall N. Dickler, Ltd., of Arlington Heights, for appellee Old Willow Falls Condominium Association.

JUSTICE SULLIVAN delivered the opinion of the court:

This interlocutory appeal is from that portion of an order of the trial court which denies plaintiff's petition for a preliminary injunction. The sole issue before us is the propriety of that ruling.

Plaintiff is engaged in the business of installing, maintaining, and operating coin-activated laundry room facilities in multiple-unit apartment and condominium buildings. In 1977, it entered into a written agreement with Loch Lomond Apartments (Loch Lomond), providing that plaintiff would operate the laundry room facilities in a 176-unit apartment building owned by Loch Lomond for a 10-year initial term with an optional seven-year extension. In 1979, the apartments were converted to condominiums under the name Old Willow Falls Condominium Association (the Association), and plaintiff continued to operate the laundry room. On March 31, 1983, the Association notified plaintiff that the agreement with Loch Lomond terminated by operation of law when the condominium conversion occurred, and ordered it to remove its equipment within 10 days. When plaintiff refused, the Association disconnected the machines.

Plaintiff filed a verified petition for injunctive relief and specific

performance, alleging that the agreement in question was a lease and that it was evicted from the premises in violation of the provisions of "An Act to revise the law in relation to landlord and tenant" (Ill. Rev. Stat. 1981, ch. 80, par. 1 *et seq.*) and the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1981, ch. 57, par. 1 *et seq.*). It sought, in pertinent part, a mandatory order requiring reconnection of its equipment, preliminary and permanent injunctions prohibiting the Association from interfering with its rights under the agreement, and lost profits. Plaintiff also filed an emergency motion seeking reconnection of its equipment and a preliminary injunction to preserve the *status quo* pending a final hearing on the merits. The Association filed a motion to dismiss and a counterclaim (no copies of which were included in the record) and a supplement to the motion to dismiss, alleging that the agreement in question is not a lease and plaintiff's complaint therefore failed to state a cause of action, and that, if it is a lease, plaintiff was itself in breach thereof and therefore not entitled to equitable relief. Paul F. Ilg Supply Company, Inc. (Ilg), which is currently operating the laundry room facilities in question pursuant to a lease agreement with the Association, was granted leave to intervene and also filed a motion to dismiss, alleging that the complaint failed to state a cause of action; that the agreement requires that any dispute first be submitted to arbitration; and that plaintiff is barred from seeking equitable relief by its own breach of the agreement.

Prior to a hearing on the petition for a preliminary injunction, the trial court ruled that the matter would be held in abeyance pending arbitration, relying on a provision of the agreement which states that disputes or controversies arising out of any alleged breach would be submitted to arbitration, and that "[n]o litigation shall be instituted between the parties hereto except to enforce the award or order of the arbitrators." However, at the parties' request, the trial court heard arguments on that issue as well as on the question whether plaintiff had established its entitlement to preliminary injunctive relief. Thereafter, it denied the petition for a preliminary injunction, dismissed plaintiff's complaint, referred the matter for arbitration, and continued the action until the conclusion of arbitration. This appeal followed.

OPINION

Initially, we note that ordinarily the issuance or denial of a preliminary injunction is within the discretion of the trial court (*S & F Corp. v. American Express Co.* (1978), 60 Ill. App. 3d 824, 377 N.E.2d 73), and the sole question before us on an interlocutory appeal

of its decision pursuant to Supreme Court Rule 307 (87 Ill. 2d R. 307) is whether the trial court has abused that discretion (*Baal v. McDonald's Corp.* (1981), 97 Ill. App. 3d 495, 422 N.E.2d 1166). However, in the instant case, plaintiff maintains that the trial court's order was based on an erroneous interpretation of the agreement as precluding the issuance of a preliminary injunction pending arbitration, and the question is therefore one of law to be determined by this court independently of the trial court's judgment. See *Hartwig Transit, Inc. v. Menolascino* (1983), 113 Ill. App. 3d 165, 446 N.E.2d 1193.

Paragraph 13 of the agreement, upon which the trial court relied in denying plaintiff's petition, provides:

"In the event of any dispute or controversy arising out of the operation or alleged breach of this Lease Agreement, such dispute or controversy shall be submitted to and be governed by the rules of the American Arbitration Association, and the decision rendered thereunder, whether legal or equitable in nature, shall be final and binding upon the parties. *No litigation shall be instituted between the parties hereto except to enforce the award or order of the arbitrators.*" (Emphasis added.)

Paragraph 10 of the agreement, upon which plaintiff relies in arguing that preliminary injunctive relief is available to it pending arbitration, provides:

"In the event of a breach of this lease, which such breach shall continue for ten (10) days after written notice hereof by Lessee (including but not limited to the unauthorized disconnection of Lessee's laundry equipment or the installation of laundry equipment by Lessor or any other person, firm or corporation), the parties recognize that damages to Lessee would be difficult to compute and therefore they agree that at the option of Lessee, either (a) Lessor shall pay to Lessee [liquidated damages] \*\*\*, or (b) Lessor consents to the entry of a temporary and/or permanent injunction to restrain any violation of this agreement \*\*\* "

It is plaintiff's position that, when read together, the above provisions manifest the parties' intention that preliminary relief be available to preserve the *status quo* pending a final resolution of the dispute by the American Arbitration Association.

The provisions in question do present difficulties in interpretation, since paragraph 10 raises the option of application for preliminary relief, whereas paragraph 13 seemingly precludes any resort to the courts until the dispute has been arbitrated. Plaintiff asserts that the preliminary relief contemplated by paragraph 10 is otherwise unavail-

able to it because the arbitrators cannot grant a temporary restraining order; therefore, it posits, the parties must have intended that it have the option of seeking interim relief. However, what paragraph 10 contemplates and what plaintiff has sought is a preliminary injunction, not a temporary restraining order, and the parties have not addressed the question whether relief in the nature of an order preserving the *status quo* is available under the rules of the American Arbitration Association, nor have they provided us with the applicable rules from which we could determine whether the relief contemplated by paragraph 10 is available to plaintiff thereunder.

Nevertheless, we find it unnecessary to resolve this interpretive dilemma. Plaintiff concedes that paragraph 10 does not usurp the trial court's discretion in determining whether a preliminary injunction should issue; that is, plaintiff agrees that paragraph 10 is not in the nature of a confession of judgment—the trial court must still determine whether injunctive relief is the appropriate remedy. Furthermore, although the trial court apparently did not base its decision thereon, the parties have extensively briefed and argued the merits of plaintiff's petition for preliminary relief. We, of course, may affirm a correct judgment on any basis appearing in the record (*U-Haul Co. v. Town of Cicero* (1980), 87 Ill. App. 3d 915, 410 N.E.2d 286), even without ruling on the grounds relied upon by the trial court in reaching its decision (see, *e.g., In re Marriage of Runge* (1981), 102 Ill. App. 3d 356, 430 N.E.2d 58), and it is our view that, even assuming *arguendo* that the agreement in question does not preclude entry of a court-ordered preliminary injunction pending a final order or award of the arbitrators, plaintiff has failed to establish its entitlement thereto.

Because a preliminary injunction is an extraordinary remedy, it will not issue unless a clear right to that relief is shown. (*S & F Corp. v. American Express Co.* (1978), 60 Ill. App. 3d 824, 377 N.E.2d 73.) Thus, the party seeking relief must establish by a preponderance of the evidence that it is entitled to that remedy by showing that (1) it has a certain and clearly ascertainable right which must be protected; (2) it will be irreparably injured in the absence of that protection; (3) it has no adequate remedy at law for its injury; and (4) it is likely to be successful on the merits. *Baal v. McDonald's Corp.* (1981), 97 Ill. App. 3d 495, 422 N.E.2d 1166.

■ In the instant case, the only injury identified by plaintiff is the loss of profits, and it is established that irreparable harm occurs only where the remedy at law is inadequate; that is, where monetary damages cannot adequately compensate the injury, or the injury cannot be measured by pecuniary standards. (*Bally Manufacturing Corp.*

*v. JS&A Group, Inc.* (1980), 88 Ill. App. 3d 87, 410 N.E.2d 321.) Generally, in a breach of agreement action, such harm is found where the injury in question is to the reputation or good will of a business (see, *e.g., Sports Unlimited, Inc. v. Scotch & Sirloin of Woodfield, Inc.* (1978), 58 Ill. App. 3d 579, 374 N.E.2d 916), but preliminary injunctive relief is properly denied where damages caused by alteration of the *status quo* pending a final decision on the merits can be compensated adequately by monetary damages calculable with a reasonable degree of certainty (see *Hutter v. Lake View Trust & Savings Bank* (1977), 54 Ill. App. 3d 653, 370 N.E.2d 47, *cert. denied* (1978), 439 U.S. 1004, 58 L. Ed. 2d 679, 99 S. Ct. 615; *U-Haul Co. v. Kathan* (1976), 42 Ill. App. 3d 316, 356 N.E.2d 144).

■ Here, should plaintiff ultimately prevail on the merits, any monetary loss which it suffers in the brief period pending the final determination of the arbitrators can be calculated with a great deal of certainty. The laundry facilities in question are currently being operated by Ilg, a party to this action. Thus, plaintiff's losses can easily be calculated by reference to Ilg's gross receipts during the period in question. Plaintiff argues that relief in the form of monetary damages is inadequate because, given the length of time remaining on the contract and the unknown variables on which those damages depend; *e.g.*, the future washing habits of the condominium occupants and possible increases in the cost of washing over the next 12 years, any calculation of future damages would be highly speculative, and it is therefore entitled to equitable relief. However, we are not here concerned with what might be appropriate relief should it be determined that the Association has breached the agreement. The arguments it raises go to the propriety of entering a permanent injunction, but that is not the question before us in determining whether a preliminary injunction should issue. Rather, we must determine whether it will suffer irreparable harm which is irremediable at law should no injunction issue pending a final decision of the arbitrators. In addressing that question, it appears that should plaintiff prevail in this action, any lost profits sustained by it in the interim will already have occurred; there will be no need to speculate with regard to what the future might bring. Therefore, since the sole harm plaintiff will sustain in the absence of a preliminary injunction is the loss of profits, and its remedy at law for that injury is completely adequate, it is our view that the trial court did not abuse its discretion in denying the petition for preliminary injunctive relief.

For the foregoing reasons, that portion of the trial court's order which denies plaintiff's petition for a preliminary injunction is af-

firmed. The Association's motion to dismiss this appeal, taken with the case, is denied.

Affirmed.

LORENZ and O'CONNOR, JJ., concur.