AJAX ENGINEERING CORP., Plaintiff-Appellee, v. SENTRY INSUR-
ANCE *et al.*, Defendants-Appellants.

Fifth District   No. 5—85—0776

Opinion filed April 15, 1986.

Charles R. Jelliffe, of Jelliffe, Ferrell & Morris, of Harrisburg, for appellants.

Thomas J. Wolf, Jr., of Harrisburg, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Defendants, Sentry Insurance, a Mutual Company (hereinafter referred to as Sentry), and Parker Stevens Agency, Inc. (hereinafter referred to as Parker Stevens), appeal pursuant to Supreme Court Rule 307(a)(1) from an interlocutory order of the circuit court of Gallatin County granting plaintiff's, Ajax Engineering Corporation (hereinafter referred to as Ajax), motion for a preliminary injunction mandating that defendants issue or cause to be issued products liability and completed operations insurance policies. 87 Ill. 2d R. 307(a)(1).

Ajax is a corporation engaged in rebuilding coal mining equipment. Ajax also conducts business under the assumed name of Norris City Products. Sentry is an insurance company which owns Parker Stevens. Parker Stevens is licensed only as an insurance broker, and, as such, it cannot issue insurance policies but acts to procure policies on behalf of prospective insureds.

The dispute in this case centers on whether Ajax and the defendants entered into a contract for products liability and completed operations coverage. In April of 1985, Ernie Flota and Bob Hartman, insurance agents employed by Sentry, solicited Ajax for the purpose of selling Ajax insurance. At that time, Ajax was insured against products liability claims, but it had been notified that its insurer intended to cancel the coverage on July 11, 1985. In December of 1984, a previous insurer had also cancelled Ajax's products liability coverage.

On July 12, 1985, Flota presented Ajax's secretary-treasurer, Joyce Vickery, with proposals of products liability and completed operations coverage for both Ajax and Norris City Products. The annual premiums quoted in the proposals totaled $18,000. In order to obtain the products liability and completed operations coverage, Ajax was required to purchase a complete package covering all of Ajax's insurance needs. While Vickery testified that she had reached an oral agreement with Flota that the products liability coverage be noncancellable by the insurer, Flota testified that he had stated only that the terms of the proposal were guaranteed. Binders were issued on all coverage except the products liability and completed operations coverage. At the July 12 meeting, Ajax gave Flota a $4,500 check made payable to Parker Stevens as a premium deposit. Flota mailed the check to Sentry's St. Louis office. Two weeks later, Parker Stevens informed Hartman that it was encountering difficul-

ties procuring the products liability and completed operations coverage. Hartman notified Flota that the quoted premium of $18,000 was incorrect and that the coverage could not be procured for less than $118,000. Subsequently, Flota returned the $4,500 check to Ajax.

On September 11, 1985, Ajax filed a complaint against Sentry and Parker Stevens alleging breach of contract and requesting specific performance. Count II of the complaint prayed for reformation of the policy to provide for noncancellation. Ajax also filed a motion for a preliminary injunction requesting that Sentry and Parker Stevens be ordered to issue or cause to be issued products liability and completed operations coverage during the pendency of the lawsuit. Defendants opposed the motion for a preliminary injunction on the grounds that Sentry had not agreed to issue products liability and completed operations coverage, Parker Stevens, as an insurance broker, could not be compelled to issue such a policy, and an oral agreement allegedly modifying the terms of an insurance policy was unenforceable. The trial court granted Ajax's motion for a preliminary injunction.

■■ Upon this interlocutory appeal, we do not reach the merits of this case, the sole issue being whether the trial court abused its discretion in granting the preliminary injunction. (*The Instrumentalist Co. v. Band, Inc.* (1985), 134 Ill. App. 3d 884, 891, 480 N.E.2d 1273, 1279; *G. A. Carney, Ltd. v. Brzeczek* (1983), 117 Ill. App. 3d 478, 483, 453 N.E.2d 756, 759.) The equitable remedy of preliminary injunction is only granted where plaintiff proves that: (1) it possesses a certain and clearly ascertained right that needs protection; (2) it will suffer irreparable injury without such protection; (3) it has no adequate remedy at law; and (4) it is likely to succeed on the merits. (*Wyatt v. Dishong* (1984), 127 Ill. App. 3d 716, 717, 469 N.E.2d 608, 609.) Additionally, plaintiff must show that it will suffer greater harm if the preliminary injunction is not granted than defendant will if it is issued. (*People ex rel. Edgar v. Miller* (1982), 110 Ill. App. 3d 264, 269, 441 N.E.2d 1328, 1331.) "A preliminary mandatory injunction is an extraordinary remedy, not a matter of right, which may be granted only when the need for such relief is clearly established and free from doubt." *Madigan Brothers, Inc. v. Melrose Shopping Center Co.* (1984), 130 Ill. App. 3d 149, 151, 474 N.E.2d 383, 385.

■■ "[I]rreparable harm occurs only where the remedy at law is inadequate; that is, where monetary damages cannot adequately compensate the injury, or the injury cannot be measured by pecuniary standards." (*Best Coin-Op, Inc. v. Old Willow Falls Condominium Association* (1983), 120 Ill. App. 3d 830, 834, 458 N.E.2d 998,

1001.) A preliminary injunction should not be granted where damages caused by alteration of the status quo pending a final decision on the merits can be compensated adequately by monetary damages calculable with a reasonable degree of certainty. *Best Coin-Op, Inc. v. Old Willow Falls Condominium Association* (1983), 120 Ill. App. 3d 830, 835, 458 N.E.2d 998, 1001.

■ In the instant case, any injury Ajax might sustain as a result of not having products liability and completed operations insurance pending a final determination of the merits or as a result of having to procure the coverage elsewhere is monetary in nature and can be calculated with a great degree of certainty. (See, *e.g., Best Coin-Op, Inc. v. Old Willow Falls Condominium Association* (1983), 120 Ill. App. 3d 830, 835, 458 N.E.2d 998, 1001-02; but see, *e.g., Eagle Books, Inc. v. Jones* (1985), 130 Ill. app. 3d 407, 411, 474 N.E.2d 444, 448.) The injury Ajax complains of, which is breach of contract, is capable of being measured and corrected by an award of money damages alone and, therefore, Ajax's remedy at law is clearly adequate. *Kaplan v. Kaplan* (1981), 98 Ill. App. 3d 136, 142, 423 N.E.2d 1253, 1258.

■ We also believe that Ajax has failed to establish a likelihood of success in a trial on the merits. The principle, discussed above, that a party cannot seek equitable relief where an adequate legal remedy is available, is equally applicable to a request for specific performance. Where the mere payment of money would provide sufficient relief, a request for specific performance will be denied because the legal remedy is adequate. (*Kaplan v. Kaplan* (1981), 98 Ill. App. 3d 136, 142, 423 N.E.2d 1253, 1257.) Therefore, Ajax's right to the permanent relief it seeks is doubtful. Having concluded that two of the five fundamental requirements of preliminary injunctive relief are lacking, we need not discuss the other three requirements. (*Dock Club, Inc. v. Illinois Liquor Control Com.* (1980), 83 Ill. App. 3d 1034, 1039, 404 N.E.2d 1050, 1054.) We hold that the trial court abused its discretion in granting Ajax's request for preliminary injunction.

Furthermore, while we have not reached a final determination as to the sufficiency of Ajax's complaint (*Webb v. Rock* (1980), 80 Ill. App. 3d 891, 896, 400 N.E.2d 959, 964; but see *Alfred Engineering, Inc. v. Illinois Fair Employment Practices Com.* (1974), 19 Ill. App. 3d 592, 600, 312 N.E.2d 61, 67), we note that the existence of an adequate remedy at law not only deprives equity of its power to grant injunctive relief (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 549, 370 N.E.2d 223, 227), but also to grant

the permanent equitable relief of specific performance and reformation.

For the foregoing reasons, we reverse the order of the circuit court of Gallatin County granting preliminary injunctive relief and remand this cause for further proceedings consistent with the views expressed herein.

Reversed and remanded.

HARRISON and WELCH, JJ., concur.