WILLIE C. STRINGER, Plaintiff-Appellant, v. THE ESTATE OF JONAS JASAITIS, with Birute Jasaitis, Special Administrator, Defendant-Appellee.

First District (1st Division)   No. 85—2531

Opinion filed August 4, 1986.—Rehearing denied September 10, 1986.

Jeffrey D. Schultz, of Jeffrey D. Schultz, Ltd., of Chicago (David A. Novoselsky, of counsel), for appellant.

French, Rogers, Kezelis & Kominiarek, P.C., of Chicago (Dorothy F. French and Gary I. Blackman, of counsel), for appellee.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

On March 13, 1981, two automobiles collided at the intersection of Central and 63rd Street in Chicago. One vehicle was driven by the plaintiff, Willie C. Stringer, and the other was driven by Jonas Jasaitis. Jonas died four days later from causes apparently unrelated to the accident. Willie C. Stringer filed this negligence action on March 10, 1983, in the circuit court of Cook County against Barbara Campbell, acting as special administrator of the estate of Jonas Jasaitis, seeking damages for personal injuries sustained in the accident. However, the probate division of the circuit court did not actually appoint Campbell as administrator until one day after the personal injury suit was filed. Thereafter, on April 11, 1983, the widow of Jonas, Birute

Jasaitis, filed a petition in the probate court contesting the appointment of Campbell. The probate court continued the matter until May 9, 1983, giving Birute 28 days to file an amended petition for letters of administration. On May 9, 1983, Birute did not file an amended petition but instead filed a motion to vacate the April 11, 1983, order and a motion to dismiss the probate proceedings on the ground that there was no need to open an estate "since there was nothing to administer." The probate court vacated the March 11 order appointing Campbell as special administrator but denied the motion to dismiss the proceedings.

Subsequently, on April 24, 1984, the plaintiff filed a motion in the negligence action requesting that Birute be appointed as special administrator of her late husband's estate. The court granted the motion. On June 13, 1984, with leave of court, the plaintiff filed his first amended complaint and named Birute Jasaitis as the defendant.

Thereafter, the defendant filed her appearance and moved for dismissal of the complaint under section 2—619 of the Code of Civil Procedure claiming that the applicable statute of limitations for such an action had run. (Ill. Rev. Stat. 1983, ch. 110, pars. 2—619, 13—209.) The defendant argued that the estate did not have the legal capacity to be sued on March 10, 1983, because no one had been properly appointed special administrator to the estate at that time. Therefore, the first complaint was void *ab initio*. The defendant further argued that since Birute Jasaitis, as special administrator, was not named until more than two years after the March 13, 1981, accident, the action was brought beyond the applicable time permitted for such actions. (Ill. Rev. Stat. 1983, ch. 110, par. 13—209.) The circuit court granted the defendant's 2—619 motion and denied the plaintiff's motion for reconsideration. (Ill. Rev. Stat. 1983, ch. 110, par. 2—619.) This appeal followed.

The plaintiff contended on appeal that the trial court erroneously dismissed the suit here since the action was in fact filed in a timely fashion. Initially, the plaintiff argued that letters of administration had in fact been issued on March 11, 1983, and thus, suit was in fact brought within three years of the issuance of the letters as required by section 18—12 of the Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110½, par. 18—12(b)). Further, he asserted that if the letters did not actually issue then the defendant was estopped from raising that argument by her refusal to comply with the prior order of the probate court directing that she apply for letters of administration. In any event, he said that, since the estate was additionally protected by liability insurance for the type of claim involved here, the limitation pro-

vision of the Probate Act requiring that claims be filed within six months after the order directing issuance of letters did not apply.

Subsequently, in his reply brief and later at oral argument, the plaintiff simply contended, in direct contradiction to the defendant's position, that the first complaint was not a nullity because it was filed within the tort-limitation period of two years, and that the subsequent amended complaint, naming Birute Jasaitis as special administrator, related back under section 2—616 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616) to the time the first complaint was filed. As noted, the defendant, on the other hand, asserts that the first complaint was a nullity, that letters of administration were in fact never issued, and the outside time for filing a claim against the estate was three years after the decedent's death (see Ill. Rev. Stat. 1983, ch. 110½, par. 18—12(b)), which was not met here.

While the record is not entirely clear concerning the facts or the effect of various court orders on the contested facts, we believe that it is clear that the filing of the first complaint was not a nullity. The first complaint was not directed against a dead person but against the estate of the decedent and the person whom the plaintiff reasonably believed was the administrator. Thus, the provisions of section 2—616 of the Code of Civil Procedure apply, which provide in pertinent part:

"(a) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, ***.

(b) The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action, cross claim or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so

amended." Ill. Rev. Stat. 1983, ch. 110, par. 2—616.

In a very similar case, *Pavlov v. Konwall* (1983), 113 Ill. App. 3d 576, 447 N.E.2d 982, which involved the Wrongful Death Act (Ill. Rev. Stat. 1983, ch. 70, par. 1 *et seq.*) and its requirement of filing suit within one year, we found that section 2—616 applied even though the administrator there had not been properly named at the time of the first complaint. We held that the amended complaint, though untimely, related back to the time of the first complaint which, while defective, was timely. There we stated:

"The relation-back doctrine was included in section [2—616] to implement the legislative intent to preserve causes of action including those sounding in wrongful death against loss by reason of technical rules of pleading. *Metropolitan Trust Co. v. Bowman Dairy Co.* (1938), 369 Ill. 222, 15 N.E.2d 838; see *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 124-25, 302 N.E.2d 64.

\*\*\*

In view of the purpose behind section [2—616] \*\*\*, we believe that in the instant case the second amended complaint relates back to the time of the filing of the original complaint. Both pleadings make substantially the same allegations and, the cause of action asserted in the amended and original pleadings arose out of the same occurrence or transaction. In both pleadings the estate of decedent has been named as the interested party and it has been clear from the start that Pavlov [plaintiff] intended to bring the action as administrator of that estate. That Pavlov was not properly named administrator on the motion of the decedent's heirs until after the limitations period had run is a technical consideration which, in light of section [2—616], should not prevent the cause from being decided on its merits in furtherance of justice. See *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 124-25; *Frey v. Belleville News-Democrat, Inc.* (1978), 64 Ill. App. 3d 495, 499, 381 N.E.2d 705.

Konwall [defendant] notes, however, that the time fixed by the Wrongful Death Act for the commencement of an action is a condition precedent to the right to bring an action under the Act. (Ill. Rev. Stat. 1979, ch. 70, par. 2.) Therefore, he argues that Pavlov's attempts, subsequent to the expiration of the statute of limitations, at filing an amended complaint and an amended motion to be appointed properly as administrator and to have them relate back to the date of filing the original com-

plaint were clearly erroneous. He also argues that because the original complaint was not brought by a proper party, it was a nullity and, therefore, there was nothing to which the amended complaint could relate back.

\* \* \*

\* \* \* In the instant case the wrongful death action and the proceeding in which Pavlov was first appointed administrator of the estate all commenced within the statute of limitations.

Konwall argues that both the limitations period prescribed by the Wrongful Death Act and the requirement that the action be brought in the name of the personal representative of the deceased are conditions precedent to recovery under the Act. However, this court has held that an amendment under section [2—616] of the Civil Practice Act can relate back to cure a defective pleading which did not set forth a condition precedent under the Wrongful Death Act. See *Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 676-77, and authorities cited therein." *Pavlov v. Konwall* (1983), 113 Ill. App. 3d 576, 578-80, 447 N.E.2d 982.

We find the *Pavlov* case to be controlling here. While we are not dealing with an alleged condition precedent to the Wrongful Death Act, nevertheless, the contention of the defendant is basically the same. The suit in *Pavlov* was brought on behalf of an estate by an administrator who was defectively appointed, and thus, the suit was claimed by the defendant to be a nullity. The suit here was brought against an estate, represented by an administrator who had not yet been properly appointed, and the suit was also claimed by the defendant to, therefore, be a nullity. The reasons and equities we found persuasive in our determination, that section 2—616 (Ill. Rev. Stat. 1983, ch. 110, par. 2—616) was intended to apply and did apply in the *Pavlov* situation, are just as compelling in the present case. There is no question that the cause of action alleged in the second complaint was the same as was intended to be brought in the first complaint. They both arose out of the same occurrence. The first complaint was originally filed within the prescribed time, and only this defendant has now been added and properly named as the administrator. Additionally, there is no issue that adequate notice of the lawsuit was given the estate here. Thus, this seems clearly a situation where the legislative intent will be furthered by preserving the cause of action against the loss by the overly technical application of rules of pleading and, hence, within the meaning and language of section 2—616 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616).

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed and remanded.

O'CONNOR and BUCKLEY, JJ., concur.