ALEX E. BEACHAM, JR., Plaintiff-Appellant, v. MARLENE ALMA PALMER, Adm'r of the Estate of Courtenay Palmer, Deceased, Defendant-Appellee (Rubson Bueser *et al.*, Defendants).

First District (2nd Division)   No. 87—2320

Opinion filed April 26, 1988.

Law Offices of Joel H. Greenburg, Ltd., of Chicago (Mark Szaflarski, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Kay L. Schichtel and Robert M. Collins, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff appeals the dismissal of her medical malpractice action against the estate of Courtenay Palmer, M.D. We affirm the trial court's ruling that the statute of limitations had run as against the estate.

This case arises from medical treatment plaintiff received in May 1981. On May 6, 1983, plaintiff filed his suit against various physicians, including the late Dr. Palmer, who had died in Florida on March 17, 1983. Plaintiff's attorney learned of the doctor's death that same month, and on April 29, 1983, letters of administration were issued in Florida to Dr. Palmer's widow, Marlene Palmer. Plaintiff was un-

aware of Mrs. Palmer's appointment, and without giving notice to Edward Zerbe, he requested and received a circuit court of Cook County order appointing Zerbe as special administrator of Dr. Palmer's estate. Zerbe was served with plaintiff's complaint on May 22, 1983.

Zerbe filed a special appearance and motion to quash service, based on his belief that he had never been appointed special administrator, and on August 23, 1983, the trial court granted his motion. Plaintiff's motion to vacate that order was denied on June 21, 1984, at which time the court found that the appointment of Zerbe as special administrator of Dr. Palmer's estate was void as a matter of law.

On February 5, 1985, plaintiff filed his amended complaint naming Adriana Luna as special administrator of Dr. Palmer's estate. Luna's motion to dismiss, alleging that plaintiff's amended complaint was barred by the applicable statute of limitations (Ill. Rev. Stat. 1985, ch. 110, par. 13—212), was granted by a second judge on April 10, 1986. (A transcript of that hearing is not included in the record on appeal.)

Plaintiff filed his fourth amended complaint, naming Marlene Palmer as administrator of her late husband's estate, on July 23, 1986, and she was served on October 21, 1986. On June 18, 1987, the trial court granted her motion to dismiss, holding:

> "The action is time-barred as against the Estate of Courtenay Palmer regardless of whom the administrator is, and that will be the order; and I'm granting the involuntary dismissal based on my findings that *** the order *** dated April 10th, 1986 finding the action to be time-barred as against the estate, as against Luna as Special Administrator of the Estate of Courtenay Palmer, deceased, which order provided that the order was final and appealable and no just reason existed to delay its enforcement or appeal, the Court finds that based upon the doctrine of the law of the case, this order was not appealed from, and consequently is the law of the case.
>
> The action is time-barred as against the Estate of Courtenay Palmer regardless of whom the administrator may be. That will be the order."

Plaintiff appeals from this order.

OPINION

Initially, it should be noted that the parties briefed and argued Palmer's motion to dismiss on the basis of *res judicata,* and it was the trial judge who introduced the concept of the law of the case in these proceedings. On appeal, defendant argues that plaintiff waived argument on the trial court's ruling by failing to address the trial judge's

reasoning that the law of the case required him to dismiss Marlene Palmer from the suit. In his initial brief plaintiff contended that Palmer should not have been dismissed based on *res judicata,* and in his reply brief plaintiff maintains that by arguing that *res judicata* did not apply, he "argued in essence that law of the case did not apply."

■■■ It is not necessary for this court to decide whether plaintiff waived argument on the law of the case, as the trial judge was incorrect in applying that doctrine in this case. The doctrine of "law of the case" binds a court to the rules of law made in earlier opinions in a case unless the facts presented require a different interpretation. (*Bradley v. Howard Hembrough Volkswagen, Inc.* (1980), 89 Ill. App. 3d 121, 411 N.E.2d 535.) The August 23, 1986, order is not the "law of the case," as it is not a ruling made in this case. However, because an appellate court can affirm a trial court on any ground appearing in the record (*Monarski v. Greb* (1950), 407 Ill. 281, 95 N.E.2d 433; *Best Coin-Op, Inc. v. Old Willow Falls Condominium Association* (1983), 120 Ill. App. 3d 830, 458 N.E.2d 998), we must consider plaintiff's remaining arguments.

Plaintiff contends that *res judicata,* which bars future actions between parties or their privies in the same cause of action in which a court of competent jurisdiction has already rendered a judgment on the merits, should not apply in this case because there is no privity between the administrators of an ancillary estate and the domiciliary estate. He further argues that because *res judicata* does not require Palmer's dismissal, the court must consider the issue of the statute of limitations *de novo* and should find that the untimely filing against Palmer relates back to the timely filing against Zerbe. In support of this part of his argument, defendant relies on *Stringer v. Estate of Jasaitis* (1986), 146 Ill. App. 3d 270, 496 N.E.2d 1196.

■ Plaintiff maintains that the mere fact that Adriana Luna, an administrator in Illinois, was dismissed does not require that Marlene Palmer, the administrator appointed in Florida, should also be dismissed. As defendant correctly points out, however, plaintiff's argument is flawed because, although separate individuals are named as administrators, there is only one estate involved here. Luna was sued and dismissed in her capacity as representative of the estate, which is the real party in interest. (*Stringer v. Estate of Jasaitis* (1986), 146 Ill. App. 3d 270, 496 N.E.2d 1196.) The statute of limitations had run against the estate, and plaintiff cannot avoid that ruling by naming a new administrator.

Moreover, plaintiff's reliance on *Stringer v. Estate of Jasaitis* (1986), 146 Ill. App. 3d 270, 496 N.E.2d 1196, is unwarranted. In that

case, Stringer brought suit against the estate of Jasaitis, naming Barbara Campbell as special administrator three days before the applicable statute of limitations expired. However, the probate court did not actually appoint Campbell as administrator until one day after suit was filed. Subsequently, Jasaitis' widow filed a petition contesting the appointment of Campbell. The probate court vacated the order appointing Campbell as administrator and later named Mrs. Jasaitis as administrator, allowing Stringer to amend his complaint to name Mrs. Jasaitis as a defendant. Thereafter, Mrs. Jasaitis moved to dismiss the action, claiming that the estate did not have the legal capacity to be sued at the time suit was originally filed, because no administrator had been properly appointed, and that the statute of limitations had expired before she was named administrator and sued.

The appellate court reversed the trial court's granting of the motion, first finding that the filing of the original complaint was not a nullity. The court went on to apply section 2—616 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616), and said:

> "There is no question that the cause of action alleged in the second complaint was the same as was intended to be brought in the first complaint. They both arose out of the same occurrence. The first complaint was originally filed within the prescribed time, and only this defendant has now been added and properly named as administrator. Additionally, there is no issue that adequate notice of the lawsuit was given the estate here. Thus, this seems clearly a situation where the legislative intent will be furthered by preserving the cause of action against the loss by the overly technical application of rules of pleading and, hence, within the meaning and language of section 2—616." *Stringer*, 146 Ill. App. 3d at 274.

The instant case differs from *Stringer* in that here there has already been a dismissal of an administrator of the estate based on the running of the statute of limitations. Because plaintiff did not pursue his case against Luna after she was dismissed, he is barred from bringing further actions against the estate; and because he is barred, this court need not reach the question of whether the filing against Palmer could relate back to the filing against Zerbe.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and BILANDIC, JJ., concur.