RAYMOND E. ORR *et al.*, Plaintiffs-Appellants, v. THE DEPARTMENT OF REVENUE, Defendant-Appellee.

Fifth District    No. 5—90—0121

Opinion filed August 23, 1991.

David T. Lumerman, of St. Louis, Missouri, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Orrs' Save-Mart Grocery, Inc., of Collinsville, Illinois, ceased operation on or about May 1, 1985. Raymond Orr was the sole stockholder in the corporation, and Joseph and Anthony Orr were listed as officers. The corporation filed its last tax return on May 30, 1985. On May 8, 1986, an Illinois Department of Revenue (Department) auditor submitted an amended retailers' occupation tax return, showing a tax due of $323,723. A final assessment for that amount was issued June 26, 1986. On October 19, 1988, the Department issued a notice of penalty liability to the plaintiffs, Raymond, Joseph, and Anthony Orr. Each plaintiff filed a protest of the notice of penalty liability with the Department within 20 days of receipt of the same.

The plaintiffs then filed a complaint for injunctive and declaratory relief and a motion for summary judgment in the circuit court. The Department filed a motion to dismiss.

The circuit court granted the Department's motion to dismiss and denied the Orrs' motion for summary judgment. The court found that (1) the plaintiffs have an adequate remedy at law; (2) the plaintiffs will not suffer irreparable harm if an injunction is not entered; (3) the issue presented is not "ripe" for declaratory judgment; and (4) the plaintiffs have availed themselves of a legal remedy by filing protests of the notice of penalty liability. The plaintiffs appeal from the court's order.

The two issues presented on appeal are whether the circuit court erred in granting the Department's motion to dismiss and whether the Department properly applied section 13½ of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 452½, as amended by Pub. Act 83—1416, §6, eff. Sept. 13, 1984; Pub. Act 84—221, art. I, §8, eff. Sept. 1, 1985; Pub. Act 84—1454, art. II, §1, eff. Jan. 6, 1987). In order to properly address the first issue, we need only analyze the trial court's first two findings.

■ The Orrs' complaint specifically prays that the Department be permanently enjoined from issuing a notice of penalty liability under section 13½ of the Retailers' Occupation Tax Act. A permanent injunction is designed to extend or maintain the status quo indefinitely after a hearing on the merits where it has been shown that there is no adequate remedy at law and that the plaintiff is suffering irreparable harm. *American National Bank & Trust Co. v. Carroll* (1984), 122 Ill. App. 3d 868, 881, 462 N.E.2d 586, 595.

The Orrs argue that their remedy at law is inadequate because the tax liability at issue has already been determined by the Department, leaving the plaintiffs no chance to protest the tax assessment. This argument is meritless because plaintiffs are not precluded from pursuing relief via administrative review under the Retailers' Occupation Tax Act (Act) (Ill. Rev. Stat. 1989, ch. 120, par. 440 *et seq.*). In the event plaintiffs are dissatisfied with the final administrative determination, they may then seek review in the circuit court. Given the avenue of redress available to the Orrs, we cannot find that the trial court erred in holding that the Orrs have an adequate remedy at law.

■ The Orrs contend that they will be irreparably harmed if forced to pursue their administrative remedies because they may be unable to procure the funds necessary to meet the bond requirements of section 12 of the Act. The Act provides in part:

"Any action under the Administrative Review Law to review a final assessment or revised final assessment issued by the Department *** shall be dismissed *** unless the person filing such action files *** a bond *** or unless the court, in lieu of the bond, shall enter an order imposing a lien upon the plaintiff's property as hereinafter provided. *** The amount of such bond shall be fixed and approved by the court, but shall not be less than the amount of the tax and penalty claimed to be due by the Department *** plus the amount of interest due ***."

(Ill. Rev. Stat. 1989, ch. 120, par. 451.)

While it is true that the bond requirements are a prerequisite to review of an administrative decision (*Piasa Motor Fuels, Inc. v. Department of Revenue* (1985), 138 Ill. App. 3d 422, 426, 486 N.E.2d 379, 381), plaintiffs have not shown that they have been unable to procure a loan or have otherwise exhausted all resources from which they might obtain the money for purposes of meeting the bond requirements. "[I]rreparable harm occurs only where the remedy at law is inadequate; that is, where monetary damages cannot adequately compensate the injury, or the injury cannot be measured by pecuniary standards." (*Ajax Engineering Corp. v. Sentry Insurance* (1986), 143

Ill. App. 3d 81, 83, 491 N.E.2d 947, 949.) The plaintiffs' concern about lacking assets to meet the bond requirements is hypothetical at best, given the fact that plaintiffs may request the court, under section 12 of the Act, to impose a lien upon plaintiffs' property in lieu of bond. Under the circumstances we cannot find that the trial court erred in holding that the Orrs will not suffer irreparable harm.

We note that the plaintiffs have also presented for our review the question of whether the Department properly applied section 13½ of the Retailers' Occupation Tax Act. In light of our conclusion above, we need not address this issue. The decision of the trial court is affirmed.

Affirmed.

LEWIS and HOWERTON, JJ., concur.