2020 IL App (2d) 200284-U
No. 2-20-0284
Order filed August 14, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| TAREQ FARAG, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20-L-44 |
| | ) | |
| ALI WAQAS, | ) | Honorable |
| | ) | Robert W. Rohm, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices McLaren and Bridges concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in denying plaintiff's motions for injunction and declaratory relief. Affirmed.

¶ 2    In this interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) (interlocutory appeals as of right; appeal from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction"), plaintiff, Tareq Farag, appeals the trial court's orders denying his motions for injunctive and declaratory relief against defendant, Ali Waqas. For the following reasons, we affirm.

¶ 3                              I. BACKGROUND

¶ 4    Plaintiff's property abuts defendant's property in Westmont, with two fences dividing the property line.  On January 15, 2020, plaintiff, *pro se*, filed a five-count complaint against defendant alleging: (1) harassment motivated by religious hate; (2) hateful criminal damage to property motivated by religion; (3) hateful criminal trespass to real property; (4) invasion of privacy (spying); and (5) damage to property.  Plaintiff alleged that, when he first met defendant, defendant stated that "he is a Muslim and asked [plaintiff] if he is a Muslim, and [plaintiff] stated that he is not.  [Defendant] tried to convince [plaintiff] that Islam is a peaceful religion, but [plaintiff] refuted his claims and explained to him that Islamic terrorists are following exactly the teachings of Islam, which made [defendant] very angry.  After this meeting, [defendant] started intimidating and harassing [plaintiff] from this time forward."  Plaintiff alleged that, among other things, defendant and other unknown defendants trespassed onto his property and damaged trees.  He alleged that defendant's motivation was religious hate, that Sharia, Islam's legal system, requires killing anyone who does something that is offensive to Islam and that, therefore, Sharia law "violate[s] the fundamentals of human rights and our Constitutional protection of the freedoms of speech and religion, and our rights to live in peace without fear."  Plaintiff requested various forms of monetary damages and that defendant be enjoined from coming onto his property or spying on him.

¶ 5    On February 18, 2020, plaintiff moved for an injunction, alleging that, because he and defendant are neighbors, he lives in "continuous stress, fear, and concern that [defendant] (or someone from his side) might come to [plaintiff's] property to cause harm, and could be watching (spying on) him."  Plaintiff requested that the court bar defendant from coming onto his property, spying on him, and invading his privacy.

¶ 6    Defendant did not initially appear or answer the complaint. As such, on February 26, 2020, the court entered a default judgment. In addition, it denied plaintiff's motion for injunctive relief, noting that plaintiff had not pleaded any of the elements required to obtain injunctive relief, the pleading was facially defective, and, moreover, that plaintiff had filed his complaint in the law division seeking monetary damages. When plaintiff orally requested that the court declare Sharia law unconstitutional and a "hateful ideology," it commented that plaintiff, who had previously participated in other litigation, knew that the request was "silly" and that it could not issue such a declaration. Per plaintiff's request, the court set a date for jury trial, noting that plaintiff's rights to any relief under the complaint would be later determined.

¶ 7    Nevertheless, on March 16, 2020, plaintiff filed a second motion for injunctive relief, expanding upon his claims. Plaintiff asserted that an injunction was appropriate because: (1) his protectible right is one of privacy; (2) he is at risk of irreparable harm, in that he lives in perpetual stress, "agony," and fear of Sharia law; (3) he has no adequate remedy at law, "[e]ven if a remedy is available, it will take substantial time, which makes it inadequate and useless. Additionally, it is very difficult to calculate [  ] damages if he continue[s] in his *status quo*;" and (4) he is likely to succeed on the merits because "has the rights to be left alone, feel *safe*, live in peace, and enjoy his privacy." (Emphasis added.) Plaintiff reiterated his belief that "[w]e have many terrorists' organizations disguised under many names with large numbers of devoted members that are ready and willing to take irreparable devastating actions against [plaintiff], and the requested injunction will deter them."

¶ 8    In addition, on March 16, 2020, plaintiff also filed a motion for "Declaratory Judgment that Islamic Sharia is Against Our Constitution and Laws." Over the course of approximately 30 pages of argument and exhibits, including passages in Arabic that plaintiff purports to translate

and interpret, plaintiff asserted that, in sum, Sharia law is violent and, consequently, unconstitutional.

¶ 9    On April 10, 2020, the court denied both motions "for the reasons previously denied." In addition, as defendant had appeared and moved to vacate the default judgment on March 19, 2020, and plaintiff had no objection, the court vacated the default judgment.

¶ 10    On April 20, 2020, plaintiff moved for the court to enter language that the order denying his motion to declare Islamic Sharia law unconstitutional was a final and appealable order. On April 23, 2020, the court denied the motion.

¶ 11    On April 27, 2020, plaintiff filed a notice of appeal concerning the February 26, and April 10, 2020, orders denying injunctive relief, as well as the April 10, and April 23, 2020, orders denying declaratory relief and concerning appealability.

¶ 12    On May 4, 2020, plaintiff apparently filed a third motion for injunctive relief and amended notice of appeal. On May 20, 2020, he filed a motion to reconsider the April 23, 2020, order concerning appealability. The record on appeal does not contain any rulings from plaintiff's May 4, and May 20, 2020, motions.

¶ 13                                II. ANALYSIS

¶ 14    On appeal, plaintiff argues that the court erred in denying his three requests for injunction, as well as his request for declaratory judgment. In a single paragraph, he argues that the court erred in refusing to issue an order relating to Islamic Sharia, and in another paragraph, that the court should have granted the first injunction because it was based upon the allegations in his complaint. Plaintiff continues that the court erred in denying the second motion for injunction because he pleaded all four elements for injunctive relief. Further, plaintiff argues that the court erred in not quickly ruling on his third motion for injunction and, finally, that the court should

have allowed him to amend his motions, to the extent that they were defective. We consider plaintiff's appeal here without input from defendant. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (a reviewing court should decide the merits of an appeal where the record is simple and the claimed error is such that a decision can be made easily without the aid of argument from the appellee).

¶ 15    We address first plaintiff's allegations concerning injunctive relief. An injunction is a provisional remedy granted to preserve the *status quo* until the case can be decided on the merits. *Hensley Construction, LLC v. Pulte Home Corp.*, 399 Ill. App. 3d 184, 190 (2010). A preliminary injunction is an extraordinary remedy that should be granted only when the need is clear. *Franz v. Calaco Development Corp.*, 322 Ill. App. 3d 941, 946 (2001). The party seeking a preliminary injunction must demonstrate: (1) a clearly ascertained right in need of protection; (2) irreparable injury without the injunction; (3) no adequate remedy at law; and (4) a likelihood of success on the merits. *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 62 (2006). The party seeking the preliminary injunction must demonstrate a *prima facie* case "that there is a fair question as to the existence of the rights claimed, that the circumstances lead to a reasonable belief that the plaintiff probably will be entitled to the relief sought, and that the matters should be kept in the *status quo* until the case can be decided on the merits." *People ex rel. White v. Travnick*, 346 Ill. App. 3d 1053, 1060 (2004). The failure to establish *any* element requires the court to deny the preliminary injunction. *Maday v. Township High School District 211*, 2018 IL App (1st) 180294, ¶ 40.

¶ 16    Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) allows interlocutory appeals from a grant or denial of a preliminary injunction. On review, "the only question *** is whether there was a sufficient showing made to the trial court to sustain its order." *Postma v. Jack Brown*

*Buick, Inc.*, 157 Ill. 2d 391, 399 (1993). On appeal, we do not decide controverted questions of fact or the merits of the case. *Maday*, 2018 IL App (1st) 180294, ¶¶ 40-41. Rather, the decision to grant or deny a preliminary injunction is reviewed for an abuse of discretion (*Mohanty*, 225 Ill. 2d at 62), which occurs only when the trial court's ruling is arbitrary, fanciful, or when no reasonable person would adopt the trial court's view (*Roach v. Union Pacific R.R.*, 2014 IL App (1st) 132015, ¶ 20).

¶ 17    Here, the court did not abuse its discretion in denying the first two motions for injunctive relief. Preliminarily, as the court pointed out, plaintiff's initial motion was facially defective and did not even set forth the elements for an injunction. Thereafter, his second motion for injunction pleaded legally insufficient elements, any one of which required the court to deny the injunction. For example, in his second motion for injunction, plaintiff alleged that he had an inadequate remedy at law because determining a remedy would "take substantial time," making it "useless," and that an adequate remedy would be difficult to calculate. However, "irreparable harm occurs only where the remedy at law is inadequate; that is, where monetary damages cannot adequately compensate the injury, or the injury cannot be measured by pecuniary standards." *Best Coin-Op, Inc. v. Old Willow Falls Condominium Ass'n*, 120 Ill. App. 3d 830, 834 (1983). A preliminary injunction should not be granted where damages caused by alteration of the *status quo* pending a final decision on the merits can be compensated adequately by monetary damages calculable with a reasonable degree of certainty. *Id.* at 835. Here, plaintiff's complaint sought to enjoin defendant from spying or trespassing, but it primarily sought monetary damages (namely, to compensate for emotional distress, $100,000 so that plaintiff could move, the cost of removing stumps and planting new trees, the cost to repair roof, siding, and gutter damage, punitive damages, attorney's fees and costs), which are calculable. The fact that calculating appropriate monetary damages, if any, might

take time does not necessarily mean that the remedy will ultimately be inadequate. As such, the court properly rejected plaintiff's second motion for an injunction, as it failed to establish an inadequate remedy at law.

¶ 18    Moreover, we note that there also seems to be a disconnect between the complaint allegations and the requested injunctive relief. Namely, the complaint concerns allegedly religiously-motivated damage to plaintiff's trees and physical property and an invasion of privacy, while his motion for injunction was premised on stress, "agony," and fear of Sharia law, *i.e.*, a fear of violence and for his personal safety. The relief being sought by injunction was, therefore, not a natural extension of the complaint allegations, in that the complaint did not establish an ongoing pattern of conduct threatening defendant's personal *physical* safety that needed to be enjoined.

¶ 19    As to the third motion for injunction, the record does not contain an order pertaining to that motion and it is not properly before us for review.

¶ 20    We turn next to plaintiff's assertion that the court erred in denying his request for a declaration that Sharia law is unconstitutional. He asserts that his argument does not concern the Islamic religion, but, rather, a set of laws.

¶ 21    As noted, the court refused to issue language that this order was final and appealable and, indeed, requests for declaratory relief are not necessarily subject to interlocutory review. See, *e.g.*, *Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶¶ 15-20 (order regarding count seeking declaration of law applicable to claims to charitable tax exemption was not subject to interlocutory appellate review). Moreover, plaintiff apparently moved the court to reconsider its refusal to issue language that the order was final and appealable, but no ruling on the motion to reconsider is in the record.

¶ 22    To the extent that this issue could even be considered a separate and appealable "claim," appropriate for our review, at a minimum, the court properly denied the motion for declaratory relief because it would not resolve the issues between the parties.  Specifically, section 2-701(a) of the Code of Civil Procedure provides that declaratory relief may be granted in cases of "actual controversy," but that "the court shall refuse to enter a declaratory judgment or order, if it appears that the judgment or order, would not terminate the controversy or some part thereof, giving rise to the proceeding."  735 ILCS 5/2-701(a) (West 2018).  Plaintiff has no "actual controversy" with Sharia law, nor would declaring Sharia law unconstitutional in any way affect the underlying complaint allegations concerning defendant's alleged damage to plaintiff's trees or his invasion of defendant's privacy.  See, *e.g.*, *Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 376 (2004) ("For an actual controversy to exist, for declaratory judgment purposes, the case must present a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof.") Further, a court may not, through a declaration, pass opinion on abstract propositions of law.  See, *e.g.*, *Messenger v. Edgar*, 157 Ill. 2d 162, 170 (1993).

¶ 23                                    III. CONCLUSION

¶ 24    For the reasons stated, the judgment of the circuit court of Du Page County is affirmed.

¶ 25    Affirmed.